NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230912-U

NOS. 4-23-0912, 4-23-0913 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| TAESHAUN RHYMES, | ) | No. 22CF926 |
| Defendant-Appellant. | ) | 23CF533 |
| | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justice Zenoff concurred in the judgment.
Justice Harris specially concurred.

**ORDER**

¶ 1     *Held*:   Defendant failed to establish the circuit court erred in denying his pretrial release.

¶ 2     Defendant, Taeshaun Rhymes, appeals the circuit court's order denying his

pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023),

commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). See Pub.

Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*,

2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). Defendant argues

(1) the Act does not permit the State to file a verified petition to deny pretrial release in cases in

which a defendant remains in custody after having been ordered released on the condition of

depositing security and (2) the State failed to prove by clear and convincing evidence he was a threat to a person or the community and no conditions of release could mitigate that threat. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4             On December 15, 2022, in Rock Island County case No. 22-CF-926, the State charged defendant by information with two counts of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2022)), attempt armed robbery (*id.* § 8-4(a), 18-2(a)(2)), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), and possession of a stolen firearm (*id.* § 24-3.8(a)). According to the charges, defendant, aged 16, used a stolen firearm to attempt to rob the complainant and shot him in the hand. The circuit court set bond at $100,000, requiring defendant to post 10% for his release. Defendant was placed in the custody of Mary Davis Detention Home. Defendant filed a motion for reduction of bail, which was denied.

¶ 5             In August 2023, defendant was charged in Rock Island County case No. 23-CF-533 for events occurring in November 2022. The charges included three counts of armed robbery (*id.* § 18-2(a)(2) (West 2022)), three counts of aggravated robbery (*id.* § 18-1(b)(1)), unlawful possession of a firearm (*id.* § 24-3.1(a)(1)), and three counts of aggravated battery (*id.* § 12-3.05(g)(2)). The State asserted defendant, while armed with a firearm, (1) took a phone from Noah Roberson by the use of force or threatening the imminent use of force and (2) took a phone and money from Caije Chaffee. The State further asserted defendant knowingly caused the two victims, without their consent, to consume a controlled substance. The circuit court set bond at $100,000 concurrent with Rock Island County case No. 22-CF-926.

¶ 6             We note Rock Island County case No. 22-CF-926 is docketed in this court as case

No. 4-23-0913, while Rock Island County case No. 23-CF-533 is docketed in this court as case No. 4-23-0912. On this court's own motion, we have consolidated the two appeals.

¶ 7        In both cases, defendant and the State filed motions on the issue of defendant's pretrial detention. The record reveals the State first filed a verified petition to deny defendant pretrial release in Rock Island County case No. 23-CF-533 on September 14, 2023. In that case, defendant's motion for pretrial release was filed approximately 30 minutes later. In Rock Island County case No. 22-CF-926, defendant filed his motion for pretrial release on September 14, 2023. The next day, the State followed with a verified petition to deny defendant pretrial release. In both of its verified petitions, the State argued pretrial release should be denied because defendant was charged with a forcible felony mandating a prison sentence and defendant posed a real and present threat to the safety of a person or the community.

¶ 8        The State provided the following factual basis for denying defendant pretrial release in Rock Island County case No. 22-CF-926:

> "On 12-13-22 at 1906PM, Ofc Lawler was dispatched to Unity Point regarding gunshot victim, shot in left hand. At Unity Point, Ofc spoke with Devonne Harris in room 19, who advised that he received a Facebook message from J.R. who he has hung with several times in the past, including at one another's houses. On this occasion, Remley messaged Harris about hanging out, and asked to be picked up from her uncle's residence, and provided the address of 2506 5th ½ Ave, Rock Island, IL. Harris stated he drove to that residence, parked on the south side of 5th ½ Ave, facing

- 3 -

east, and waited for Remley. He then saw Remley walking to the front passenger door of his car, when he noticed a m/b wearing a dark blue 'puffy' coat and a black mask run around the front of his car to the half open driver's front window. Fellow in puffy coat then produced a black handgun and told Harris 'give me your shit'. Harris then grabbed the gun with his left hand and pushed it back away from him as he put his car into drive and drove away east bound. Harris said he heard a single gunshot, and realized he was bleeding from his left pinkie. Harris described the m/b as around 5'6 and 120lbs, and described the handgun as a black semiauto handgun and stated he would recognize it when he saw it. Harris' injury required 3 stitches to close, and x-ray showed the finger was broken.

While Ofc Bowman was doing canvass, he viewed m/b juvenile, later identified as [defendant], exit the south door of 541 24th St, and he was wearing a dark blue puffy jacket with off-white jeans. Ofcs followed [defendant] to Riverside Liquor, where he was arrested. On his person was found a 9mm Springfield Armory XDM handgun *** which had previously been reported as stolen."

¶ 9    In Rock Island County case No. 23-CF-533, the State provided the following factual basis:

"On November 16, 2022, VI/Noah Roberson and VI/Caije

- 4 -

Chaffee attended a party at 2041 33rd Street in Rock Island. Roberson and Chaffee reported that at some point during the party they both began to feel sick and dizzy. Chaffee reported that he believed he and Roberson were served drinks that were laced with Rohypnol ('roofied'). Roberson went out the back door and began throwing up. Chaffee went with Roberson into the back yard when an individual known only as 'Tae' *** put a black pistol to Roberson's head demanding Roberson's iPhone 12 and password. At this time Roberson vomited again and 'Tae' grabbed the cell phone sitting on Roberson's lap. 'Tae' then struck Chaffee on the side of the head with the gun, grabbed [Chaffee]'s iPhone 11, and went back inside. 'Tae' then left in an unknown vehicle. [Chaffee] described 'Tae' as a M/B, 6'01", 200lbs, with curly black hair. In a follow[-]up interview, Chaffee was able to ID [defendant] as the suspect from a photo lineup."

¶ 10        On September 19, 2023, a hearing was held on the motions. At the hearing, the circuit court addressed each case separately. Regarding Rock Island County case No. 23-CF-533, the State argued the same facts that appeared in the verified petition. Defense counsel emphasized there was no evidence, such as a lab report, presented at the preliminary hearing to show the two victims were drugged. Defense counsel believed one of the victims, several months after the party, identified defendant after seeing a post on Facebook and the other victim has not made an identification of defendant. Defense counsel emphasized there was no relationship

between defendant and any of the alleged victims that would indicate a threat to those victims.

¶ 11 The circuit court found defendant was "charged with a detainable offense" and "based on the proffer as well as the evidence I heard at the preliminary hearing by clear and convincing evidence that the proof is evident or the presumption great that this defendant committed it." The court further found defendant to be "a danger to the community based on the nature and circumstances of this offense, as well as the other charged offense and the history and characteristics of the defendant." The court denied defendant's motion for pretrial release.

¶ 12 Regarding Rock Island County case No. 22-CF-926, the State reiterated the facts as they were presented in the verified petition. Defense counsel countered by highlighting the victim's description of his attacker in that case did not match defendant. According to the State's petition, the victim described defendant as 5 feet, 6 inches tall, weighing 120 pounds, whereas the Rock Island County juvenile-detention screening described defendant as 5 feet, 11 inches tall, weighing 209 pounds.

¶ 13 As it did in case No. 23-CF-533, the circuit court denied defendant's release. The court found defendant was "charged with a detainable offense" and the nature and circumstances of the offenses indicate defendant is a danger to the community. The court further found the presumption great and evidence clear defendant committed the charged offenses.

¶ 14 Defendant filed notices of his appeal under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). In the notices of appeal, defendant checked boxes to assert the State failed to meet its burden of proving by clear and convincing evidence defendant posed a real and present threat to the safety of a person or the community and no condition or combination of conditions can mitigate that threat. On the preprinted lines under those boxes, defense counsel

wrote the following: "insufficient facts alleged in State's proffer." Defendant further checked a box alleging the circuit court erred by determining no condition or combination of conditions would reasonably ensure defendant would appear for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. On the lines beneath that box, defense counsel wrote "insufficient facts alleged by court + in the State's proffer."

¶ 15                                    II. ANALYSIS

¶ 16                            A. The State's Verified Petitions

¶ 17        Defendant first argues the circuit court erred in denying his pretrial release because the Act does not permit the State to file a verified petition to deny pretrial release for defendants who remain in custody after having been ordered released on the condition of depositing security. In support, defendant relies on section 110-6.1(c) of the Code (725 ILCS 5/110-6.1(c) (West 2022)) as authorizing the State to file a verified petition to deny pretrial release only at defendant's first appearance or upon his arrest and release. Defendant acknowledges this argument was not asserted before the circuit court but urges this court to review the matter as plain error. Defendant further contends counsel was ineffective in failing to move to strike the State's verified petitions.

¶ 18        Recently, this court, in *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 12-17, rejected the argument defendant makes here. In *Jones*, we held the State's "responding petition" functioned as a motion to increase the conditions of pretrial release under section 110-6(g) of the Code (725 ILCS 5/110-6(g) (West 2022)). *Jones*, 2023 IL App (4th) 230837, ¶ 20. Here, the State's petitions corresponded with defendant's motions for pretrial detention. We adhere to *Jones* and apply its holding here. There was no error in allowing the State to proceed on the

arguments made in its verified petitions and, therefore, there is no plain error. See *In re D.D.*, 2022 IL App (4th) 220257, ¶ 31. In addition, there can be no error in counsel's failure to raise this issue before the circuit court. See *People v. Easley*, 192 Ill. 2d 307, 329, 736 N.E.2d 975, 991 (2000) ("[I]t is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit.").

¶ 19            We note the State filed a motion to strike defendant's argument on this issue from defendants' appellant brief. Given our holding in the State's favor, we deny the State's motion.

¶ 20                              B. Denial of Pretrial Release

¶ 21            Defendant next asserts the circuit court erred when denying his pretrial release as the State failed to prove by clear and convincing evidence he posed a threat to the community if released and no conditions could mitigate that threat. Defendant develops no argument other than that made in the circuit court: "[Defendant] stands on the arguments he made in the [circuit] court, and asks this Court to reverse the [circuit] court's detention order."

¶ 22            Defendant's reference to argument asserted in the circuit court fails to comply with the appellate principles that require an appellant provide "coherent argument and analysis supported by proper record citations and legal authorities." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12. Rule 604(h) which authorizes appeals from orders regarding pretrial detention under the Act, does not require appellate courts to act as an appellant's advocate or seek error on his or her behalf. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[W]e doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf— something heretofore expressly forbidden.").

¶ 23            Despite defendant's failure to provide argument and citations to support his claim,

defense counsel's argument in the circuit court was brief and readily reviewable. We will therefore review defendant's assertion.

¶ 24        This court reviews decisions on whether pretrial release should be granted or denied under an abuse-of-discretion standard. See *id.* ¶¶ 10-11. Under this standard, we will find an abuse of discretion only when we find the decision is unreasonable, arbitrary, or fanciful or when we find no reasonable person would agree with the circuit court's decision. *Id.* ¶ 10.

¶ 25        Upon our review of the record and defendant's brief assertions both in the circuit court and here, we find no abuse of discretion. In each case, the charges against defendant are serious. Combined, the charges involve a stolen weapon and three random victims against whom the weapon was fired or used to strike the victim. Below and here, no argument or evidence is presented to show defendant would comply with any conditions imposed by the circuit court on release. The decision to detain defendant based on a threat to the community is not arbitrary or unreasonable.

¶ 26                        III. CONCLUSION

¶ 27        We affirm the circuit court's judgment.

¶ 28        Affirmed.

¶ 29        JUSTICE HARRIS, specially concurring:

¶ 30        Although I agree we should affirm the trial court's judgment, I respectfully disagree with the majority's reliance on this court's recent decision in *People v. Jones*, 2023 IL App (4th) 230837. Specifically, the majority points to the portion of *Jones* that rejected a similar untimeliness argument by invoking section 110-6(g) of the Act. Section 110-6(g) allows for the increase of pretrial conditions after a hearing. 725 ILCS 5/110-6(g) (West 2022). In *Jones*, this

court found that a motion to deny pretrial release "operates as a motion to increase the pretrial release conditions to the furthest extent." *Jones*, 2023 IL App (4th) 230837, ¶ 17. I do not think the two motions are equivalents, and I question the applicability of section 110-6(g) in this case.

¶ 31　　　　Defendant acknowledges he failed to preserve his untimeliness argument by failing to object in the trial court. He requests that we excuse his omission by reviewing the issue as a matter of plain error. Plain error presupposes a "clear or obvious" error occurred. See *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007); *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 17 ("The plain error doctrine is not a backdrop to catch merely arguable issues that could have been raised in the trial court. The error had to be manifest or patent."). I would find that defendant is unable to establish a clear or obvious error occurred when the trial court granted the State's petition to deny pretrial release. Defendant fails to point to any specific language in the Act which clearly establishes the State's petition to deny pretrial release was untimely. Obviously, there is little case law interpreting the statute given its recent enactment. Even so, as the party bearing the burden, defendant has failed to identify any case authority in support of his plain-error argument.

¶ 32　　　　Defendant also argues he received ineffective assistance of counsel. "To prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice." *People v. Johnson*, 2021 IL 126291, ¶ 52. Here, defendant has not shown there is a reasonable probability that the result of the proceeding would have been different if defense counsel had moved to strike the State's verified petition. See *id.* ("To establish prejudice, a defendant must demonstrate that there is a reasonable probability that, but

for counsel's errors, the result of the proceeding would have been different."). It is not clear that defendant could have responded to the State's verified petition with a motion to strike or that the trial court would have had the authority to grant such a motion. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 17.

¶ 33     For the above reasons, I would hold defendant to his forfeiture and affirm the trial court's judgment.