NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230937-U

NO. 4-23-0937

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| MICHAEL E. WORKHEISER, | ) | No. 23CF306 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James J. Cosby, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Michael E. Workheiser, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues this court should overturn the circuit court's decision because the State failed to prove by clear and convincing evidence (1) he posed a real and present threat to the safety of any person or persons or the

community and (2) no condition or combination of conditions could mitigate that threat. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 4, 2023, the State charged defendant with one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), one count of possession of a defaced firearm (720 ILCS 5/24-5(b) (West 2022)), and one count of possession of methamphetamine (720 ILCS 646/60(a) (West 2022)). That same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged defendant was charged with qualifying offenses and defendant's pretrial release posed a real and present threat to the safety of persons or the community (725 ILCS 5/110-6.1(a)(1), (6)(O) (West 2022)). In support of its petition, the State provided the following factual basis:

> "On 10/3/23 Blackhawk Area Task Force conducted a controlled
> purchase near the Colony Inn in Bishop Hill using a [confidential
> source (CS)]. CS had contacted [defendant], who indicated he
> would sell 3 shotguns, a .22 Cal. rifle, and a short barrel .22 Cal.
> Rifle for $1500. CS met with [defendant]. CS returned to agents
> [and] indicated [defendant] sold him 2 short barrel shotguns, 1
> pump action shotgun, .22 Cal. rifle with a high capacity magazine,
> and a short barrel .22 Cal. rifle. The high capacity magazine had 23
> rounds of .22 Cal. ammunition inside. Traffic stop conducted on
> [defendant]'s vehicle. .8g of methamphetamine located on
> [defendant]'s person and field tested positive. .22 caliber bolt

action pistol CS bought from [defendant] had the manufacturer's serial number removed."

The State also provided additional grounds for which defendant should be denied pretrial release. The State noted defendant had been released from the Henry County jail on October 2, 2023, was currently serving a term of probation in Henry County case No. 22-CF-216 for aggravated battery, and had pending charges for possession of a controlled substance in Henry County case No. 23-CF-188.

¶ 5        At the detention hearing, the State asked the circuit court to consider the information contained in its verified petition as well as the contents of the pretrial investigation report. The State emphasized defendant's "violent criminal history involving multiple victims" and the fact defendant sold multiple guns to a confidential source one day after being released from custody. The State also noted its concern for the safety of the confidential source and defendant's ability to comply with pretrial conditions.

¶ 6        Defense counsel argued defendant had a strong support network and "a job lined up that he would be able to work" and use to financially support his children. Counsel asserted defendant would reside with his parents and had expressed interest "in a rehab program through Bridgeway." Defendant's mother arranged appointments "so that as soon as he was released, he would be able to get that mental health evaluation and get the anger management evaluation." Finally, counsel noted defendant took his court obligations seriously and attended all his required court dates and appointments. Counsel did not believe there was anyone identifiable who might be threatened by defendant and noted defendant did not use or brandish any firearms in the commission of the present offenses. Rather, defendant was attempting to rid himself of them.

¶ 7 In determining whether defendant should be released from pretrial detention, the circuit court stated it considered the proffered evidence, the contents of the State's petition, and the pretrial investigation report. The court noted defendant's history of violence, including convictions for aggravated battery, aggravated assault, domestic battery, and aggravated domestic battery "where the aggravating factor was strangling." The court also pointed out defendant's score of "12" on the Virginia Pretrial Risk Assessment which was "two short of the maximum score that can be reached for that assessment tool." Defendant also allegedly committed the present offenses "one day after being released from jail while on probation and *** pre-trial release on a pending felony case." The court further found the community "threatened by a convicted felon illegally possessing firearms and then selling them [i]n an illegal fashion on the street, including a defaced firearm." As a result, the court denied defendant pretrial release and granted the State's petition, concluding,

"[T]he State has shown by clear and convincing evidence that [defendant]'s pre-trial release should be denied, that the presumption is great and the proof is evident that the defendant has committed a qualifying offense, that he poses a real and present threat to the safety of any person *** or the community, and there are no conditions because he's not supposed to possess a firearm, he hasn't been able to possess a firearm for 12 years, he's on probation subject to conditions right now, and *** he scored almost off the charts on the one assessment tool that is available."

¶ 8    After the circuit court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 9    This appeal followed.

¶ 10                        II. ANALYSIS

¶ 11    On November 16, 2023, the Office of the State Appellate Defender, defendant's appointed counsel on appeal, filed a notice with this court indicating it was not filing a Rule 604(h) memorandum. Thus, we examine the arguments set forth in defendant's notice of appeal.

¶ 12    According to defendant's notice of appeal, the State failed to prove by clear and convincing evidence defendant posed a real and present threat to the safety of any person or the community based on the facts of this case. Defendant explained he "has not made any threats to the confidential informant and has not otherwise displayed any threatening behavior or sentiments towards any specific person. None of the facts in this case allege or infer that the defendant is personally a threat to any person or to the community."

¶ 13    Defendant also argued the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat defendant posed to the safety of any person or the community based on the facts of this case. According to defendant:

> "The evidence presented at the detention hearing *** suggests that
> the defendant would comply with court orders. He had scheduled
> required evaluations. He has not failed to appear for court. He
> keeps in contact with his attorneys. He has a strong, local support

system. The Court did not consider pre-trial release conditions such as no contact with the confidential informant or house arrest."

¶ 14    The determination of whether pretrial release should be granted or denied is reviewed under an abuse-of-discretion standard. See *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 15    Before denying pretrial release, the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(2), (3)(i) (West 2022). Factors a circuit court may consider in determining whether a defendant poses a real and present threat include:

> "(1) The nature and circumstances of any offense charged,
> including whether the offense is a crime of violence, involving a
> weapon, or a sex offense.
>
> (2) The history and characteristics of the defendant including:
>
> > (A) Any evidence of the defendant's prior criminal history
> > indicative of violent, abusive or assaultive behavior, or lack of

- 6 -

such behavior. ***

        (B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have access to any weapon or weapons.

(8) Whether, at the time of the offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release ***.

(9) Any other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 16      Here, we find the circuit court did not abuse its discretion when it denied defendant pretrial release. Defendant ignores the proffered fact that he was arrested in this case "one day after being released from jail while on probation and *** pre-trial release on a pending

felony case." The court noted the nature of the offenses as well as the threat posed by a "convicted felon illegally possessing firearms and then selling them [i]n an illegal fashion on the street, including a defaced firearm." Further, the court pointed out defendant's history of violence, including his previous convictions for aggravated battery, aggravated assault, domestic battery, and aggravated domestic battery "where the aggravating factor was strangling." Defendant also scored a "12" on the Virginia Pretrial Risk Assessment, which was "two short of the maximum score that can be reached for that assessment tool." As a result, defendant's arguments that the court abused its discretion by denying him pretrial release because he was not a threat and because the court could have imposed conditions to mitigate the threat are meritless. See *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 17                             III. CONCLUSION

¶ 18         For all these reasons, we affirm the judgment of the circuit court.

¶ 19         Affirmed.