2023 IL App (4th) 230837

NO. 4-23-0837

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| TONYA JONES, | ) | No. 23CF525 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justice Cavanagh concurred in the judgment and opinion.
Justice Turner specially concurred, with opinion.

**OPINION**

¶ 1        Defendant, Tonya Jones, appeals the circuit court's order denying her pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Defendant claims the Act does not allow the State to file a responsive verified petition to deny pretrial release in cases where a defendant remains in custody after having been ordered released on the condition of depositing security. Alternatively, defendant argues the court erred in finding the State proved by clear and convincing evidence she posed a safety threat if released and no conditions could mitigate that threat. We affirm.

¶ 2                                I. BACKGROUND

¶ 3          In July 2023, the State charged defendant by information with attempt (armed robbery) (720 ILCS 5/18-2(a)(2) (West 2022)), home invasion (720 ILCS 5/19-6(a)(3), (c) (West 2022)), and aggravated kidnapping (720 ILCS 5/10-2(a)(6), (b) (West 2022)). At a hearing on July 7, 2023, the circuit court set defendant's bond at $100,000, requiring the deposit of 10%, and ordered she have no contact with the alleged victim, Mary Lattimore. Defendant did not post bond and remained in detention.

¶ 4          On September 11, 2023, defendant filed a motion for pretrial release, calling for the circuit court to immediately release her on the condition she appear before the court as ordered, submit herself to the orders of the court, not violate any criminal statute, and surrender all firearms. Two days later, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged defendant was charged with qualifying offenses involving the threat or infliction of great bodily harm and defendant's pretrial release posed a real and present threat to the safety of persons or the community (725 ILCS 5/110-6.1(a)(1.5), (7) (West 2022)). In support of its petition, the State provided the following factual basis:

          "On 7-1-23, at a 11:00 P.M., Defendant *** was making small talk with victim Mary Lattimore regarding their dogs by the victim's house, when Defendant came up behind victim and pressed a handgun into the victim's back neck and told her to open the door to her residence. Victim said she didn't have her key and Defendant escorted her to her car where victim got her key then they went inside. Defendant tied [v]ictim to a dining room chair using washcloths and saran wrap, which is when victim saw a gun.

- 2 -

Victim then fled out the door while still tied to the chair and they began to fight out of the front door and fight in the front yard when the Defendant's gun went off. Witnesses called the police reporting a gunshot and the women fighting but no one intervened. When the police got there, Defendant and victim were still fighting. The victim appeared erratic and was holding onto a loaded pistol magazine in her hand. Victim had cuts on her wrists, finger, hand, bruising on her left leg, swelling on her ankle, and cuts and bruising on her face."

¶ 5　　　　On September 18, 2022, the circuit court held a detention hearing. After considering the State's proffer and the parties' arguments, the court denied defendant pretrial release and made the following factual findings:

"[T]he Court finds that *** there's sufficient evidence to make the finding that the proof is evident. There's been a preliminary hearing. There's been a probable cause found. The court would make a finding that the proof is evident. The Court would note the nature of the alleged offenses as charged specifically and places more emphasis on *** home invasion Class X felony; *** aggravated kidnapping, Class X felony with a mandatory 15[-]year enhancement, so 21 to 45 years.

The Court notes also that the allegation is we have a specific named victim in the case alleged. The gun actually discharged during the course of the alleged commission of the

offense. There's also bodily harm alleged to have occurred to the victim.

Under those circumstances, setting forth those specific facts on the record, the Court finds the State's met its burden by clear and convincing evidence as to the dangerous standards set forth in the *** Act."

¶ 6 Based on the specific articulable facts presented, the circuit court entered a written order, finding (1) defendant was charged with detainable offenses and the proof was evident or presumption great that defendant committed the offenses, (2) defendant posed a real and present threat to the safety of persons or the community, and (3) no conditions or combination of conditions could mitigate the real and present threat. After the court entered its written order denying defendant pretrial release, defendant filed her notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 7 This appeal followed.

¶ 8 II. ANALYSIS

¶ 9 On appeal, defendant argues the Act does not permit the State to file a responsive petition to deny pretrial release where a defendant remains in custody after being ordered released upon the posting of monetary bail. Defendant acknowledges she failed to properly raise this issue before the circuit court but asks us to consider it as plain error or ineffective assistance of counsel. Alternatively, defendant argues the circuit court erred in finding the State proved by clear and convincing evidence that she posed a safety threat if released that no conditions could mitigate.

¶ 10 A. The State's Verified Petition

¶ 11    While acknowledging she did not preserve this issue for appeal, defendant perfunctorily asserts the plain error doctrine applies. Plain errors or defects affecting substantial rights may be noticed even though they were not brought to the attention of the circuit court. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). The doctrine "is not a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court." (Internal quotation marks omitted.) *People v. Allen*, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006). Rather, it serves as a narrow and limited exception to the general rule of procedural default. *People v. Ahlers*, 402 Ill. App. 3d 726, 733, 931 N.E.2d 1249, 1255 (2010). Plain error may be found

> " '(1) where a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error and (2) where a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process.' " *People v. Matthews*, 2017 IL App (4th) 150911, ¶ 16, 93 N.E.3d 597 (quoting *People v. Belknap*, 2014 IL 117094, ¶ 48, 23 N.E.3d 325).

A misapplication of the law rises to plain error when it affects a defendant's fundamental right to liberty. *People v. Palen*, 2016 IL App (4th) 140228, ¶ 78, 64 N.E.3d 181. "Under both prongs of the plain-error analysis, the burden of persuasion remains with the defendant. [Citation.] As the first step in the analysis, we must determine whether any error occurred at all." *Matthews*, 2017 IL App (4th) 150911, ¶ 17. "If error did occur, we then consider whether either prong of the

plain-error doctrine has been satisfied." *People v. Sykes*, 2012 IL App (4th) 111110, ¶ 31, 972 N.E.2d 1272.

¶ 12 Defendant contends the circuit court erred in denying her pretrial release because the Code does not permit the State to file a petition responding to her motion seeking pretrial release, such that the court lacked authority to consider and grant the State's petition. Relying on section 110-6.1(c) of the Code (725 ILCS 5/110-6.1(c) (West 2022)), defendant insists the State may not file a petition to deny pretrial release except during the defendant's first appearance or upon the defendant's arrest and release. The State asserts the Code allows courts to take the necessary steps to review and revise a defendant's pretrial detention, citing section 110-6(g) (725 ILCS 5/110-6(g) (West 2022)).

¶ 13 We review issues of statutory construction *de novo*. *People v. Kastman*, 2022 IL 127681, ¶ 29, 211 N.E.3d 459. "A court's fundamental objective in addressing issues of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Taylor*, 2023 IL 128316, ¶ 45. In this pursuit, we "may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims." (Internal quotation marks omitted.) *Taylor*, 2023 IL 128316, ¶ 45. While "[t]he most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning," we view the statute "as a whole." *Kastman*, 2022 IL 127681, ¶ 30. We presume "the General Assembly, in enacting legislation, did not intend absurdity, inconvenience, or injustice." *Kastman*, 2022 IL 127681, ¶ 30.

¶ 14 Section 110-6.1 of the Code, which governs denials of pretrial release, provides:

"Upon verified petition by the State, the court shall hold a

hearing and may deny a defendant pretrial release only if:

***

- 6 -

the defendant's pretrial release poses a real and present

threat to the safety of any person or persons or the community,

based on the specific articulable facts of the case, and the

defendant is charged with a forcible felony, which as used in this

Section, means *** home invasion *** [and] aggravated kidnaping

***[.]" 725 ILCS 5/110-6.1(a)(1.5) (West 2022).

Section 110-6.1(c)(1) states, "A petition may be filed without prior notice to the defendant at the

first appearance before a judge, or within the 21 calendar days, except as provided in Section

110-6, after arrest and release of the defendant upon reasonable notice to defendant ***." 725

ILCS 5/110-6.1(c)(1) (West 2022).

¶ 15    According to section 110-7.5 of the Code, which governs cases involving

previously deposited bail securities, "[o]n or after January 1, 2023, any person who remains in

pretrial detention after having been ordered released with pretrial conditions, including the

condition of depositing security, shall be entitled to a hearing under subsection (e) of Section

110-5." 725 ILCS 5/110-7.5(b) (West 2022). Section 110-5(e) provides:

"If a person remains in pretrial detention 48 hours after

having been ordered released with pretrial conditions, the court

shall hold a hearing to determine the reason for continued

detention. If the reason for continued detention is due to the

unavailability or the defendant's ineligibility for one or more

pretrial conditions previously ordered by the court or directed by a

pretrial services agency, the court shall reopen the conditions of

release hearing to determine what available pretrial conditions

exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022).

If a defendant was not ordered to be released with pretrial conditions "and is eligible for detention under Section 110-6.1," they are entitled to a reconsideration hearing. 725 ILCS 110-7.5(b) (West 2022). If the defendant was "charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1," as is the case here, "the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions." 725 ILCS 110-7.5(b)(1) (West 2022).

¶ 16 Section 110-6 of the Code governs, *inter alia*, the revocation of pretrial release and the modification of pretrial release conditions. See 725 ILCS 5/110-6 (West 2022). Per section 110-6(g), "The court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release, subject to the provisions in this subsection. The court may only add or increase conditions of pretrial release at a hearing under this Section." 725 ILCS 5/110-6(g) (West 2022). "Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 ***." 725 ILCS 5/110-6(i) (West 2022).

¶ 17 Based on this plain language, the Code does not require the State to file all its petitions within 21 days of a case's commencement. Section 110-6(g) allows for the increase of

pretrial release conditions after a hearing. 725 ILCS 5/110-6(g) (West 2022). For defendants arrested and detained before the Act's effective date who remained in detention after being granted pretrial release on the condition that they pay monetary bail, a motion to deny pretrial release following the Act's implementation operates as a motion to increase the pretrial release conditions to the furthest extent. The Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release. See 725 ILCS 5/110-6(g), (i), 110-6.1(a) (West 2022); see also *In re D.W.*, 214 Ill. 2d 289, 316, 827 N.E.2d 466, 484 (2005) (finding it is "a fundamental requirement of due process *** that a respondent be afforded the opportunity to be heard at a meaningful time and in a meaningful manner"); *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ("The core of due process is the right to notice and a meaningful opportunity to be heard."). Accordingly, we find that section 110-6's exceptions to the filing time frame restrictions set forth in section 110-6.1(c)(1) apply here.

¶ 18 In so holding, we diverge from the Fifth District and its decisions in *People v. Vingara*, 2023 IL App (5th) 230698, and *People v. Rios*, 2023 IL App (5th) 230724. Both of those cases dealt with defendants incarcerated prior to the Act's effective date who argued the State lacked authority to file petitions seeking to deny them pretrial release due to the filing time frame restrictions in section 110-6.1(c)(1). *Vingara*, 2023 IL App (5th) 230698, ¶ 12; *Rios*, 2023 IL App (5th) 230724, ¶ 8. The Fifth District acknowledged section 110-6 presents exceptions to those restrictions, but it found those exceptions did not apply because the defendant "had not been released from detention following his arrest and he had not been charged with any new offenses," citing sections 110-6(a), (b), and (i). *Vingara*, 2023 IL App (5th) 230698, ¶ 18; *Rios*, 2023 IL App (5th) 230724, ¶ 12; see 725 ILCS 5/110-6(a), (b), (i) (West 2022).

¶ 19        In both *Vingara* and *Rios*, the Fifth District concluded defendants who had pretrial release conditions set prior to the Act's effective date, including monetary bail, could either (1) choose to remain in detention until their monetary bail is paid or (2) file a motion to determine the reasons for their continued detention pursuant to sections 110-5(e) and 110-7.5(b). *Vingara*, 2023 IL App (5th) 230698, ¶ 22; *Rios*, 2023 IL App (5th) 230724, ¶ 16. If the defendant chose the latter option, and the circuit court determined the defendant's continued detention was due to their inability to pay bail, the court would "reopen the conditions of release hearing." 725 ILCS 5/110-5(e) (West 2022); *Vingara*, 2023 IL App (5th) 230698, ¶ 22. The Fifth District ultimately found the State's respective verified petitions untimely, and therefore error occurred when the petitions were granted. *Vingara*, 2023 IL App (5th) 230698, ¶ 23; *Rios*, 2023 IL App (5th) 230724, ¶ 12.

¶ 20        We respectfully disagree. First, we find section 110-6 applies to defendant here, as the State's responding petition functions as a motion to increase the conditions of pretrial release following the Act's implementation. See 725 ILCS 5/110-6(g) (West 2022). Thus, the State's petition was not barred by the restrictions contained in section 110-6.1(c)(1). See 725 ILCS 5/110-6.1(c)(1) (West 2022).

¶ 21        Additionally, the statutory interpretation in *Vingara* and *Rios* leads to absurd results considering the nearly nine-month stay placed upon the Act before its implementation, which ran from December 31, 2022, until September 18, 2023. See *Kastman*, 2022 IL 127681, ¶ 30 ("The court presumes that the General Assembly, in enacting legislation, did not intend absurdity, inconvenience, or injustice."). In *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, our supreme court held that "on September 18, 2023, this court's stay of pretrial release provisions in Public Acts 101-652 and 102-1104 shall be vacated. On that date, the circuit courts are directed to

conduct hearings consistent with Public Acts 101-652 and 102-1104, and Illinois Supreme Court Rules implementing those pretrial release provisions shall become effective." By declaring the State's petitions untimely for falling outside the section 110-6.1(c)(1) time frame, the *Vingara* and *Rios* decisions unfairly punish the State for allegedly failing to comply with the Act's amendments to the Code before the Act took effect. The State cannot be expected to satisfy future statutory requirements before those requirements are in place.

¶ 22        For example, section 110-7.5(b) asserts that "[o]n or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 110-7.5(b) (West 2022). According to this plain language, a defendant would be entitled to a section 110-5(e) hearing before the amendments enacting that provision took effect on September 18, 2023. Because this contradiction prevents us from discerning the legislature's intent based on the Code's plain language, we turn to the Code's purpose and ultimate aims. See *Taylor*, 2023 IL 128316, ¶ 45. Even assuming, *arguendo*, the filing time frame restrictions in section 110-6.1(c)(1) apply here, we find the legislature intended to require the State to file its verified petition within 21 days of the first appearance after the Act became effective. Because the hearing below occurred on September 18, 2023—the Act's effective date—the State's verified petition was presented and heard at the first appearance under the Code as amended by the Act. See 725 ILCS 110-6.1(c)(1) (West 2022). Further, the plain language of 110-6(g) of the Code permits a hearing for purposes of modification "at any time, after motion by either party or on [the court's] own motion," without qualification. See 725 ILCS 110-6(g) (West 2022). Contrary to the interpretation provided in *Vingara* and *Rios*, subsection (g) is not qualified by the prior subsections (a), (b), or subsection (i) under section

110-6 but must be read in conjunction with them. This conclusion avoids the absurd result of punishing the State for allegedly not complying with the new filing time frame restrictions before those restrictions took effect. See *Kastman*, 2022 IL 127681, ¶ 30.

¶ 23　　　　Finally, the holdings in *Vingara* and *Rios* prevent the State from responding to a defendant's motion for pretrial release. However, following the logic presented in those cases, once a defendant elects "to have their pretrial conditions reviewed anew" (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments. Denying the State an opportunity to respond to the defendant's arguments for pretrial release violates the fundamental principles of fairness and tips the scales of justice in the defendant's favor. See *In re D.W.*, 214 Ill. 2d at 316; *Erickson*, 522 U.S. at 266.

¶ 24　　　　For the foregoing reasons, the Code permits the State to file a responding petition in cases such as the one at issue—where the defendant was arrested and detained prior to the Act's effective date and remained in detention after monetary bail was set. Accordingly, because we have found the State may file a responding petition, our plain error analysis need go no further. See *People v. Hood*, 2016 IL 118581, ¶ 18, 67 N.E.3d 213 (stating, "without error, there can be no plain error" (internal quotation marks omitted)). "Additionally, the absence of error nullifies any ineffective assistance of counsel argument because counsel's performance is not deficient for failing to raise a meritless issue." *People v. Stone*, 2018 IL App (3d) 160171, ¶ 20, 100 N.E.3d 672.

¶ 25　　　　　　　　　　B. Denial of Pretrial Release

¶ 26　　　　Alternatively, defendant argues the circuit court abused its discretion when it denied her pretrial release and asserts the State failed to prove by clear and convincing evidence that she posed a safety threat if released which no conditions could mitigate.

¶ 27　　　　As we observed in *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10, "[w]e have historically reviewed bail appeals under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard." While Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023), as amended due to the Act, provides a new procedure for these appeals, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11; see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ("We will review the decision of the trial court [on a motion for review under Rule 604(c)] for an abuse of discretion."). "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833.

¶ 28　　　　The Fifth District concluded otherwise in *Vingara*, asserting "the trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community *** will not be reversed unless those findings are against the manifest weight of the evidence." *Vingara*, 2023 IL App (5th) 230698, ¶ 10. Under the rule's new language, the State must meet its burden by "clear and convincing evidence" during a pretrial release hearing. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023); 725 ILCS 5/110-6.1(e) (West 2022). The Fifth District appears to have interpreted this language as requiring reviewing courts to apply the manifest weight of the evidence standard in

these cases. See *Vingara*, 2023 IL App (5th) 230698, ¶ 10 (citing *In re C.N.*, 196 Ill. 2d 181, 208, 752 N.E.2d 1030, 1045 (2001)).

¶ 29 However, section 110-6.1 of the Code, as amended by the Act, plainly grants a circuit court discretion to deny pretrial release if it finds "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case and the defendant is charged with a forcible felony," such as home invasion and aggravated kidnapping. 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Indeed, before applying the manifest-weight-of-the-evidence standard in *Vingara*, the Fifth District acknowledged "[t]he trial court's determination regarding pretrial release will not be reversed absent an abuse of discretion." *Vingara*, 2023 IL App (5th) 230698, ¶ 10. Critically, any application of the manifest-weight-of-the-evidence standard here would require this court to decide whether the circuit court properly weighed the evidence and determine its sufficiency. See *People v. McIntosh*, 2021 IL App (1st) 171708, ¶ 41, 212 N.E.3d 552; 725 ILCS 110-6.1(e) (West 2022). But the law is well-settled that "[i]t is not the function of the reviewing court to retry the defendant" (*People v. Jackson*, 2020 IL 124112, ¶ 64, 162 N.E.3d 223), and we "will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses" (*People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393).

¶ 30 Moreover, our supreme court has found that if the challenge presented is a factual one—as is here—a reviewing court will reverse the circuit court's ruling only if it constitutes an abuse of discretion. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 52, 32 N.E.3d 1099 (setting a similar standard of review for fact-dependent challenges in section 2-1401 proceedings). It has also found "a trial court abuses its discretion if it fails to

apply the proper criteria when it weighs the facts." *People v. Ortega*, 209 Ill. 2d 354, 360, 808 N.E.2d 496, 501 (2004). Thus, when a party challenges a circuit court's decision to either grant or deny a defendant pretrial release under section 110-6.1, we do not review the State's evidence anew. Rather, we review the court's evaluation of that evidence for an abuse of discretion because a court's decision regarding whether the State proved by clear and convincing evidence that release conditions would not protect the community is inextricably linked to any decision to grant or deny pretrial release. Circuit courts enjoy broad discretion in making such decisions. See *Simmons*, 2019 IL App (1st) 191253, ¶ 9. Accordingly, we continue to use the abuse-of-discretion standard when reviewing a court's decision to grant or deny pretrial release. See *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 31        Here, the charges against defendant included home invasion and aggravated kidnapping, which are detainable offenses. See 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Under the Code, the circuit court must consider the various factors listed in sections 110-6.1(g) and 110-6.1(a)(1)-(8) before concluding whether detention to be appropriate. 725 ILCS 5/110-6.1(a)(1)-(8), (g) (West 2022). Per the State's petition and proffer, defendant allegedly approached Lattimore, pressed a firearm to her back, and obtained entry to her residence. Once inside, defendant tied Lattimore to a chair, but Lattimore partially freed herself and fled. Defendant and Lattimore proceeded to fight in the front yard until officers arrived. During the altercation, defendant's firearm discharged. Lattimore suffered injuries to her face, wrist, hand, finger, leg, and ankle.

¶ 32        The circuit court ultimately found the State met its burden by clear and convincing evidence, and it entered a detention order in accordance with this finding. Based on the specific articulable facts presented, the court found (1) defendant was charged with

detainable offenses and the proof was evident or presumption great that defendant committed the offenses (see 725 ILCS 5/110-6.1(a)(1)-(8) (West 2022)), (2) defendant posed a real and present threat to the safety of persons or the community (see 725 ILCS 5/110-6.1(e)(2) (West 2022)), and (3) no conditions or combination of conditions under section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) could mitigate the real and present threat (see 725 ILCS 5/110-6.1(e)(3) (West 2022)). In reaching its conclusion, the court relied on "the nature of the alleged offenses as charged," the presence of a specific named alleged victim in the case, and allegations that defendant discharged a firearm and the victim suffered bodily harm during the commission of the alleged offenses. After considering the relevant factors under section 110-6.1 of the Code, the court entered written findings that pretrial detention should be denied because less restrictive conditions would not avoid that threat (see 725 ILCS 5/6.1(h)(1) (West 2022)).

¶ 33     Based on this record, the court did not abuse its discretion in finding the State met its burden, as its decision was neither "arbitrary, fanciful or unreasonable" or one where "no reasonable person would agree with the position adopted." (Internal quotation marks omitted.) *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 34                             III. CONCLUSION

¶ 35     For all these reasons, we affirm the circuit court's order and remand the cause for further proceedings.

¶ 36     Affirmed; cause remanded.

¶ 37     JUSTICE TURNER, specially concurring:

¶ 38     I agree we should affirm the circuit court's judgment denying defendant pretrial release but write separately because I am not in agreement with the majority's analysis. The facts of the Fifth District's decisions in *Rios* and *Vingara* are distinguishable from this case. In both

- 16 -

those cases, the State initiated the proceedings by filing petitions to deny pretrial release. *Rios*, 2023 IL App (5th) 230724, ¶ 5; *Vingara*, 2023 IL App (5th) 230698, ¶ 4. Here, defendant initially filed a motion for pretrial release to which the State responded by filing a verified petition under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) to deny defendant pretrial release. Although distinguishable, both Fifth District decisions indicate the State may respond to a motion filed by a defendant pursuant to section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), which contains the procedures pertaining to persons charged prior to the Act's effective date (the procedure for persons charged after the effective date of the Act are set forth in section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022))). *Rios*, 2023 IL App (5th) 230724, ¶ 17; *Vingara*, 2023 IL App (5th) 230698, ¶ 22. The decisions then recognize, at the hearing requested by the defendant, the circuit court may find the defendant should be "detained without any possibility of pretrial release." *Rios*, 2023 IL App (5th) 230724, ¶ 17; see *Vingara*, 2023 IL App (5th) 230698, ¶ 22. That is precisely what happened in the case *sub judice*, and the State's responsive petition was proper.

*People v. Jones*, 2023 IL App (4th) 230837

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 23-CF-525; the Hon. Peter W. Church, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd and Carolyn R. Klarquist, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |