NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231146-U

NO. 4-23-1146

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| BRYANT M. PATRICK, | ) | No. 23CF1073 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*: By granting the State's petition to deny pretrial release, the circuit court did not abuse its discretion.

¶ 2     The State petitioned the circuit court of McLean County to deny pretrial release to defendant, Bryant M. Patrick. After a hearing, the court granted the petition. Defendant appeals. Because we find no abuse of discretion, we affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4     In this case, defendant faces two counts of domestic battery. See 720 ILCS 5/12-3.2(a)(1), (2) (West 2022). On October 21, 2023, he allegedly grabbed Lawanda Tucker by the collar and the neck (count I) and scratched her (count II). The two counts further allege that, in Cook County case No. 16-CR-114300, defendant previously was convicted of aggravated

domestic battery and that, consequently, the present counts are Class 4 felonies (instead of what they normally would be, Class A misdemeanors). See *id.* § 12-3.2(b).

¶ 5    The same day it filed the information, the State petitioned for the denial of pretrial release. According to the State's petition, defendant was eligible for pretrial detention under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (changing the Act's effective date to September 18, 2023). Specifically, the petition cited section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)), which provided:

> "(a) Upon verified petition by the State, the court shall hold a hearing and may deny a defendant pretrial release *** if:
>
> * * *
>
> (4) the defendant is charged with domestic battery *** under Section 12-3.2 *** of the Criminal Code of 2012 [(720 ILCS 5/12-3.2 (West 2022))] and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case."

The petition claimed that defendant's pretrial release would pose such a threat.

¶ 6    At the hearing on the petition to deny pretrial release, the prosecutor offered the following evidence by way of proffer. See 725 ILCS 5/110-6.1(f)(2) (West 2022) ("The State or defendant may present evidence at the hearing by way of proffer based upon reliable information."). On October 21, 2023, the police were dispatched to 710 Orlando Avenue, apartment No. 3, in Normal, Illinois, in response to a report of a domestic disturbance. Upon

arriving at this residence, police officers spoke with Lawanda Tucker. She related to the police officers the following events. Since about October 10, 2023, she and defendant had been living together in her apartment. Earlier on October 21, 2023, as she was walking to work, defendant approached her, and they got into an argument, in which he called her names. When she returned home from work, defendant was not in her apartment, but he came into her apartment shortly thereafter. She asked him to leave. He refused to do so, and they argued further. During this argument, defendant retreated into the bedroom and slammed the bedroom door in Tucker's face. She opened the door and entered the bedroom. He then grabbed her by the neck and by the collar of her shirt. Police officers saw a scratch on her cheek, and she told them that defendant had inflicted the scratch. Previously, in Cook County case No. 16-CF-114300, defendant was convicted of aggravated domestic battery, and the aggravating element was that he had committed the battery by strangulation. For that previous offense, he was sentenced to imprisonment for six years. At the time of the present alleged domestic battery, he was on mandatory supervised release (MSR) for the Cook County conviction of aggravated domestic battery. Defendant also was previously convicted of resisting arrest, a "weapons[-]related charge," delivering narcotics in Cook County in 2005 and 2007, and cruelty to animals in 2003.

¶ 7        Defense counsel argued that Tucker's version of what happened was uncorroborated and that, consequently, the information in the State's proffer was insufficiently reliable. In any event, in defense counsel's view, it was unnecessary to keep defendant in pretrial detention, for defendant would comply with a no-contact condition of pretrial release.

¶ 8        The circuit court granted the State's petition for the denial of pretrial release. In its detention order, the court found that defendant "pose[d] a real and significant danger" to Tucker. In support of that finding, the court wrote the following explanation: "[Defendant] committed

instant offense after prior serious strangulation conviction and while on mandatory supervised release. [Defendant] scratched victim. [Defendant] has other concerning criminal/violent history (resisting a peace officer, animal cruelty)." The court further found that conditions less restrictive than pretrial detention would be ineffective. In support of that finding, the court wrote, "[Defendant] committed instant offense under MSR/parole order to avoid criminal activity. Victim asked [defendant] to leave, but [defendant] remained and committed domestic battery. [Defendant] sought out victim at or near victim's place of work." Thus, the court ordered indefinite pretrial detention. In addition, the court forbade defendant to have any further contact with Tucker.

¶ 9        This appeal followed.

¶ 10                             II. ANALYSIS

¶ 11       Appellate defense counsel has notified us that she will not file a memorandum. Therefore, we turn to the notice of appeal, in which defendant makes four assertions.

¶ 12       First, he asserts, "The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." See *id.* § 110-6.1(e)(1). Defendant does not explain how or why the State's proffer failed to carry this burden of proof. According to the proffer, Tucker described to the police how she suffered a battery at the hands of defendant. Being angrily grabbed by the neck and the collar surely was unwelcome or offensive touching. The police saw a scratch on Tucker's cheek. Because defendant lived with Tucker in her apartment, the battery would seem to qualify as a domestic battery. Given defendant's prior conviction of aggravated domestic battery, the present domestic battery would be a felony. In short, this first assertion by defendant needs to be developed. Lacking the benefit of a reasoned argument, we are unconvinced that the circuit court abused its discretion by finding that the State carried its burden of proof under section 110-

- 4 -

6.1(e)(1) of the Code. See *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30 ("[W]e continue to use the abuse-of-discretion standard when reviewing a court's decision to grant or deny pretrial release.").

¶ 13        Second, defendant asserts in his notice of appeal, "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." See 725 ILCS 5/110-6.1(e)(2) (West 2022). Defendant argues, on the explanation lines, "No weapons were used, [n]o threats to kill were made. There are no children in common. There were only minor injuries." The question for us is not whether our own concerns would be assuaged by defendant's argument. Rather, the question for us is whether, by finding that the State had carried its burden of proof under section 110-6.1(e)(2), the circuit court made a finding that was "arbitrary, fanciful[,] or unreasonable." (Internal quotation marks omitted.) *Jones*, 2023 IL App (4th) 230837, ¶ 27. In other words, the question could be framed this way: If defendant roughly grabbed Tucker by the collar and the neck, scratching her cheek, and if defendant previously had been convicted of committing aggravated domestic battery by strangling a family member, would it be unreasonable, groundless, or absurd to regard defendant as a real and present threat to Tucker's safety? It seems to us the answer is no. Therefore, again, we find no abuse of discretion.

¶ 14        Third, the notice-of-appeal form asserts,

> "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight."

See 725 ILCS 5/110-6.1(e)(3) (West 2022).

On the explanation lines, defendant observes that he "was willing to comply with no-contact provisions with the complaining witness and her work and address." He further notes that he "had a different address he could stay while the case is pending." At the detention hearing, defense counsel did indeed say that defendant was willing to abide by a no-contact provision. Nevertheless, the staying power of this willingness could be reasonably questioned. A no-contact provision would be a condition of pretrial release, and as such, it would be comparable to a condition of mandatory supervised release. One of the conditions of defendant's mandatory supervised release in the Cook County case was that defendant commit no further criminal offense—not a very onerous condition. That condition, arguably, would be easier to fulfill than a condition of having no contact with one's girlfriend, with whom one resided and whom one felt compelled to follow to work. Because defendant demonstrated an inability to comply with the easy condition, the circuit court could reasonably conclude that he was unable to comply with the harder condition. Therefore, by finding that the State carried its burden of proof under section 110-6.1(e)(3), we find no abuse of discretion.

¶ 15       Fourth, the notice-of-appeal form asserts, "The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class a misdemeanor." See *id.* § 110-6(a). By way of explanation, defendant writes, "A no contact order with the victim, her residence, and work was enough to mitigate any safety concerns. There was no evidence that there was any present no contact or order of protection order [*sic*] limiting contact when the alleged incident occurred." We already have addressed the question of whether the circuit court abused its discretion by declining to rely on a no-contact order in lieu of pretrial detention.

As for this fourth assertion, it is relevant to a revocation of pretrial release, not to a denial of pretrial release. See *id.*

¶ 16                                       III. CONCLUSION

¶ 17        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 18        Affirmed.