NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240202-U

NO. 4-24-0202

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 24, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CARLOS S. MOSLEY, | ) | No. 24CF85 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Lannerd and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Carlos S. Mosley, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010 (setting the Act's effective date as September 18, 2023).

¶ 3     On appeal, defendant argues the State failed to prove by clear and convincing evidence (1) he posed a real and present threat to the safety of any person or the community,

(2) no conditions could mitigate that threat or prevent his willful flight, and (3) the circuit court erred in finding no conditions would ensure his appearance for later hearings or prevent him from being charged with a subsequent offense. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        On January 22, 2024, the State charged defendant by information with two counts of unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2022)), two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)), and possession of firearm ammunition without the requisite firearm owner's identification (FOID) card (430 ILCS 65/2(a)(2) (West 2022)). On the same day, the State filed a petition to deny pretrial release, and the circuit court conducted a detention hearing.

¶ 6        According to the verified arrest statement, officers discovered Estreya Cordova, defendant's paramour, in a common area outside defendant's apartment. Cordova's mouth, eyes, and face were swollen, and her lip was bleeding. Cordova said defendant became upset when she told him she would be moving to another state, and he punched her twice in the face. Defendant then placed his hands around her throat and strangled her "for several seconds." When officers arrested defendant, he had an unloaded 9-millimeter handgun in one jacket pocket and a loaded magazine in the other. Officers found a box containing 50 rounds of 9-millimeter ammunition in defendant's bedroom. Defendant was a convicted felon and did not have a valid FOID card.

¶ 7        The State proffered defendant had eight prior convictions, dating back to 1992, including UPWF, possession of a firearm with a revoked FOID card, and driving under the influence. Per the public safety assessment report, defendant scored a 3 out of 6 on the New Criminal Activity Scale and a 2 out of 6 on the Failure to Appear Scale. The report recommended defendant be released with pretrial monitoring.

¶ 8         Defense counsel proffered defendant was employed before his arrest, and he had another place he could stay, separate from the apartment he shared with Cordova. Counsel noted defendant neither used nor threatened to use his firearm during the altercation, the firearm was unloaded, and the ammunition was in a separate pocket. Defendant's criminal history included no violent offenses, and his most recent conviction was in 2016, after which he successfully completed "drug-court probation." At the time of his arrest, defendant was not on parole or probation, and he faced no pending charges.

¶ 9         The circuit court found the proof was evident or presumption great defendant committed a detainable offense and posed a real and present threat to Cordova and the community. The court considered defendant's criminal history, noting many of his convictions occurred over 20 years ago. The court observed the pretrial assessment recommended pretrial release with monitoring, defendant was employed, and he previously completed drug court. However, the court considered the violent nature of the alleged offense and that defendant allegedly walked into the room where Cordova was with a handgun and ammunition in his pockets. The court noted defendant's prior convictions and lack of a FOID card prohibited him from possessing firearms or ammunition, but he did so anyway. The court found defendant posed a threat to the safety of Cordova and the community based on his conduct, including his continued possession of firearms and ammunition.

¶ 10         The circuit court also found no conditions could mitigate the threat defendant posed. The court noted defendant illegally possessed firearms three times after he was prohibited from doing so. Based on defendant's refusal to follow the law preventing him from possessing firearms and ammunition, the court found defendant was unlikely to comply with any potential conditions imposed in this case. The court further observed defendant did not abide by

conditions imposed in his prior cases. The court granted the State's petition and entered a no-contact order between defendant and Cordova.

¶ 11 The circuit court entered a written order denying defendant pretrial release, which noted defendant choked Cordova for several seconds and punched her in the face, causing physical injuries. The order noted defendant, a convicted felon with no FOID card, had a 9-millimeter handgun and ammunition in his coat pockets when he was arrested, and officers found more ammunition in his bedroom. The order observed defendant "had at least 2 adjudications of guilt for unlawful firearm possession offenses with prison time." After the court entered its written order, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Dec. 7, 2023).

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 Defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked the following grounds for relief: (1) the State failed to prove he posed a threat to the safety of any person or the community, (2) the State failed to prove that no combination of conditions could mitigate the threat he posed, and (3) the circuit court erred in determining no combination of conditions would ensure his appearance at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 15 All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before a circuit court denies pretrial release, the State must prove by

- 4 -

clear and convincing evidence (1) "the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a)," (2) "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(1), (2), (3)(i) (West 2022). Section 110-6.1 of the Code provides nine factors the court may consider when assessing the real and present threat allegation. See 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022). If the court determines the defendant should be denied pretrial release, the court must make written findings summarizing the reasons for denying pretrial release, including why less restrictive conditions would not avoid the danger posed by the defendant to any person or the community. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 16 We have held the determination of whether pretrial release should be granted or denied is reviewed under an abuse-of-discretion standard. See *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Likewise, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 17 Here, defendant has not shown the circuit court abused its discretion in finding the State established by clear and convincing evidence he posed a real and present safety threat to

Cordova and the community and that no condition or combination of conditions thereof could mitigate the threat. Defendant first argues he is not a safety threat because he does not have a history of domestic violence, he did not use a weapon during the altercation, the firearm in his pocket was unloaded, and "there was no evidence presented that he intended to use the weapon or had menaced or threatened anyone with the weapon." However, the record shows the court relied on the violent nature of the offense, defendant's criminal history, and his access to firearms in reaching its conclusions. See 725 ILCS 5/110-6.1(g)(1), (2), (7) (West 2022). According to the State's proffer, defendant punched Cordova twice in the face, causing her to sustain injuries, and choked her for several seconds. Defendant has also repeatedly possessed firearms despite being legally prohibited from doing so, including during the incident at issue. We find the court's dangerousness determination was not an abuse of discretion. See *Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30.

¶ 18    Second, defendant argues the State failed to prove no conditions could mitigate the threat he posed because he "has been on a period of good behavior since 2016, where he successfully completed a drug court sentence," he has a separate address from Cordova, he was willing to surrender his firearms, and the safety assessment recommended release with pretrial monitoring. As the circuit court observed, defendant repeatedly failed to follow the law prohibiting him from possessing firearms and ammunition. Defendant's criminal history included two convictions for illegally possessing a firearm, and his alleged conduct during the incident at issue resulted in another such charge. Based on these facts, the court did not abuse its discretion by finding no conditions could mitigate the threat defendant posed to Cordova and the community, as the court reasonably concluded defendant would not abide by any conditions imposed in this case. See *Simmons*, 2019 IL App (1st) 191253, ¶ 9

¶ 19     Third, defendant argues the circuit court erred in determining no combination of conditions could reasonably ensure his appearance at later hearings or prevent him from being charged with a subsequent offense. While this finding is necessary to revoke a defendant's pretrial release pursuant to section 110-6(a) (725 ILCS 5/110-6(a) (West 2022)), it is not required to detain a defendant under section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)). Defendant was detained pursuant to section 110-6.1. Therefore, we need not address the merits of this argument, as it cannot warrant reversal of the court's detention determination.

¶ 20     The record shows the circuit court considered the appropriate factors when finding defendant posed a safety threat to Cordova and the community. The court then properly relied on defendant's criminal history and repeated failures to comply with the law precluding him from possessing firearms and ammunition to determine no condition or combination of conditions could mitigate the threat. Defendant has failed to show otherwise. Thus, the court's decision was not arbitrary, fanciful, or unreasonable, and no abuse of discretion occurred. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 21                                    III. CONCLUSION

¶ 22     For all these reasons, we affirm the judgment of the circuit court.

¶ 23     Affirmed.