NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240824-U

NO. 4-24-0824

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JEROME GARRETT, | ) | No. 24CF990 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Ronald J. White, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Jerome Garrett, appeals the trial court's order denying him pretrial release under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(1) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4     On April 22, 2024, the State charged defendant with being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), unlawful possession of a firearm by a street gang member (*id.* § 24-1.8(a)(1)), possession of a firearm without a requisite firearm owner's identification card (430 ILCS 65/2(a)(1) (West 2022)), unlawful use of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2022)), and resisting a peace officer (*id.* § 31-1(a) (West 2022)). The

same day, the State filed a verified petition to deny defendant pretrial release under sections 110-6.1(a)(1) and 110-6.1(a)(6) of the Code (725 ILCS 5/110-6.1(a)(1), (6) (West 2022)).

¶ 5        A hearing was held the next day on whether to deny defendant pretrial release. Regarding the charges against defendant, the State proffered defendant was a passenger in a vehicle subject to a traffic stop. Defendant exited the vehicle and attempted to flee. Despite an officer's order to return to the vehicle, defendant began to run. Officers chased him. After the officers caught defendant, a 9-millimeter handgun was found in the front of his pants. The State further proffered defendant was a threat to the community, as he had "a very violent criminal history," which included convictions for a 2012 aggravated battery and vehicular hijacking. The State noted defendant, because of these offenses, was prohibited from possessing a weapon. The State described the aggravated battery, which occurred in September 2012. Defendant threatened to beat a man if that man did not give defendant his money. When the man said he did not have money, defendant began punching and kicking him. The man suffered a skull fracture and possible brain bleeding. Approximately eight hours after the aggravated battery, officers responded to a bar, where two witnesses saw a man beating and kicking another. The suspect entered a vehicle and fled. The victim said he was collecting cans outside the bar when he was attacked and his car was taken. Defendant was identified as one of two attackers from video surveillance of the attack.

¶ 6        The State argued no condition or combination of conditions could mitigate the threat defendant posed. The State emphasized defendant had a revoked driver's license since 2006 but was stopped in May 2023 while driving a speeding vehicle. When stopped for that offense, officers found 24.6 grams of suspected cannabis in the vehicle. Defendant was stopped in July 2020 while driving a Jeep over 20 miles per hour above the speed limit. During that stop,

a baggie containing pills was found in the center console. In the squad car, when officers asked defendant about the pills, defendant pushed the officer in the chest and began to flee the squad car. After defendant was tased and apprehended, officers found 45 pills that field-tested positive for ecstasy. There was another offense in September 2018 for driving on a revoked license. The State further listed defendant's convictions for battery in 2007, armed robbery with a firearm in 2007, and aggravated battery to a peace officer in 2021.

¶ 7    The pretrial services report indicates defendant completed two years of college. He worked as a laborer. The length of his employment was one week. Defendant had pancreatitis, high blood pressure, and swelling. He also was diagnosed with personality disorder, depression, and bipolar disorder. Defendant reported a recent use of tetrahydrocannabinol and alcohol, and he reported having a substance-use problem. At the time of the charged offenses, defendant was on pretrial release for manufacture and delivery of between 30 and 500 grams of cannabis. He had been compliant with reporting to his pretrial officer. The report provides further details regarding the offenses the State referenced during the hearing.

¶ 8    Defense counsel proffered defendant had significant ties to the Rockford area and was employed. Counsel further argued defendant's offenses boiled down to his alleged possession of a firearm. Counsel maintained the possession of a firearm did not translate to a real and present threat to the community. Counsel believed there were conditions that would mitigate any risk.

¶ 9    The trial court found the State proved defendant's dangerousness by clear and convincing evidence and granted the State's petition to deny defendant pretrial release. The court specifically addressed the no-conditions element and found the State proved by clear and convincing evidence no condition or combination of conditions could mitigate that threat

defendant posed. The court noted defendant was on pretrial release for driving after the revocation of his driver's license when the charged offenses were committed. The court concluded defendant had already been afforded a multitude of conditions but failed to comply with those.

¶ 10 On May 6, 2024, defendant filed a motion for relief under the Code, asking the trial court to review the order for pretrial detention. Defendant argued a combination of the following conditions would be sufficient to mitigate any threat: an order (1) not to possess any firearms, (2) not leave the State without the court's permission, (3) to reside in Rockford, (4) to be on house arrest or a curfew, (5) to submit to electronic monitoring, (6) to report to pretrial services, and (7) to engage in services recommended by pretrial services.

¶ 11 A hearing was held on defendant's motion for relief. Defense counsel argued there were conditions that could be imposed to mitigate any threat posed by defendant's release and allow him to have treatment for his mental and physical ailments. Defense counsel further proffered defendant was attending college online at Colorado Technical University and he was the primary caretaker of his mother.

¶ 12 The State proffered additional details regarding defendant's criminal history. For example, the State added the weapon found in defendant's pocket was loaded with 15 rounds in the magazine and 1 in the chamber. Defendant admitted possessing the firearm and being a Waco gang member. In addition, the State proffered probation for defendant in a 2019 case for possession with intent to deliver was unsuccessfully terminated. The State also pointed to the fact the Virginia Pretrial Risk Assessment Instrument assessed defendant at a moderate-high risk of failing to appear in court or committing a new offense if released pending trial.

¶ 13 The trial court denied defendant's motion for relief. Regarding the no-conditions

element, the court concluded no conditions or combination of conditions could mitigate the real and present threat defendant poses to the safety of others:

> "And the Court would find that *** because he hasn't followed conditions, when you look at his prior record of probation, being sentenced to the Department of Corrections, being ordered to pretrial release on 23 CF 2958, that the Court finds that there are no conditions or combination of conditions set forth in the statute that can mitigate the real, present threat to the safety of other persons in the community. In addition, I don't find that he could follow any conditions that the Court would impose."

¶ 14       This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16       On May 31, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Defendant did not file a supporting memorandum, as permitted by Rule 604(h)(7) (Ill. S. Ct. 604(h)(7) (eff. Apr. 15, 2024)), but he stands on the argument raised in its motion for relief: the State failed to prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat defendant's release poses.

¶ 17       All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure pretrial detention of a criminal defendant under section 110-6.1(e), the State must prove multiple factors. One is to prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of

the case." *Id.* §§ 110-6.1(a)(1), (e)(2). Another is proof by clear and convincing evidence "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate *** the real and present threat to the safety of *** the community." *Id.* § 110-6.1(e)(3)(i). In matters regarding pretrial release, we review trial court decisions for an abuse of discretion. See *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30. A court abuses its discretion when its decision is unreasonable, arbitrary, or fanciful, or when no reasonable person would agree with the court's decision. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 18        We find the trial court did not abuse its discretion in finding the State clearly and convincingly proved this ground. Defendant's criminal history is lengthy and violent. That history further shows how defendant has consistently failed to comply with the law, including judicial orders. Defendant possessed a gun despite the prohibition against his doing so. He repeatedly drove on a revoked license. He failed to comply with probation. The current offenses occurred while defendant was on pretrial release with the condition he not commit a criminal offense. The court's conclusion no condition or combination of conditions can mitigate the threat defendant poses is not unreasonable, arbitrary, or fanciful, and neither is the order denying pretrial release. See *id.*

¶ 19                                III. CONCLUSION

¶ 20        We affirm the trial court's judgment.

¶ 21        Affirmed.