NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231479-U

NO. 4-23-1479

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 16, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JAYSON TRIPP, | ) | No. 23CF2448 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Paccagnini, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2   Defendant, Jayson Tripp, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010 (setting the Act's effective date as September 18, 2023).

¶ 3   On appeal, defendant argues this court should overturn the circuit court's decision because the State failed to prove by clear and convincing evidence (1) the proof was evident or

the presumption great defendant committed a detainable offense under section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)), (2) defendant was dangerous and thereby posed a threat, and (3) no condition of release or combination thereof could mitigate the threat defendant posed if granted pretrial release. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        On October 18, 2023, the State charged defendant with one count of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2022)), alleging defendant grabbed Tabitha Hawkins by the back of the head and headbutted her with his own head.

¶ 6        On November 20, 2023, defendant's arrest warrant was served, and defendant was detained. The next day, the State filed a petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged defendant was charged with a qualifying offense, and defendant's pretrial release posed a real and present threat to the safety of persons or the community (725 ILCS 5/110-6.1(a)(4) (West 2022)). In support of its petition, the State provided the following factual basis:

> "On the 3rd of September, 2023, Machesney Park Deputies ***
> were dispatched to 7415 Rogers Street, Machesney Park, Illinois,
> 61115 in response to call for Domestic Battery. Deputies met with
> Tabitha Hawkins who stated that she and her boyfriend,
> [defendant], had been involved in a heated argument throughout
> the evening of the 2nd of September into the early morning hours
> of the 3rd of September, 2023. Tabitha stated that she attempted
> multiple times to remove herself from the argument by going into
> separate rooms from [defendant] but he kept following her. Tabitha

said that at one point [defendant] grabbed [her] by the back of the head and he pulled her head into hers [*sic*] violently and headbutted her. [Defendant] left the residence shortly afterward."

The State's factual summary further provided defendant had numerous arrests for domestic battery, two prior convictions for domestic battery, and one conviction for battery.

¶ 7 At the detention hearing, the State emphasized defendant's penchant and prior convictions for domestic violence and proffered what evidence would be presented. This proffer was consistent with the factual basis for the State's petition. The State further informed the circuit court defendant had another pending felony case against him (Winnebago County case No. 23-CF-2132) for aggravated fleeing, where police pursued defendant at speeds in excess of 90 miles per hour in a 40-mile-per-hour zone after attempting to speak with defendant shortly after the instant domestic battery. The State also noted defendant scored an 18 on the Domestic Violence Screening Instrument (DVSI), which placed defendant in the "high risk" category.

¶ 8 Defense counsel countered that since defendant's alleged battery of Tabitha on September 3, 2023, defendant had appeared "numerous times for other cases" and "turned himself in *** when he found out about the warrant on the aggravated fleeing charge." Counsel emphasized defendant had been "a lifelong Rockford resident," with significant ties to the community. Counsel further asserted defendant had been self-employed for 10 years "doing the same type of work."

¶ 9 In determining whether defendant should be released from pretrial detention, the circuit court stated it considered the parties' arguments, the factual basis, and the information contained in the pretrial services report. The court then held the following before granting the State's petition. First, the court found the State proved by clear and convincing evidence the

proof was evident or the presumption great defendant committed a detainable offense, noting defendant "grabbed the alleged victim by the back of the head and headbutted her after the alleged victim attempted to leave." Next, the court pointed out defendant's "two prior convictions for domestic battery and prior convictions for resisting[,] battery[,] and criminal damage to property that are spanning at least two decades." The court further observed defendant was "on pretrial release for aggravated fleeing *** which offense allegedly occurred after the defendant left the residence" in the instant case. Defendant also scored an 8 out of 14 on the Virginia Risk Assessment Instrument (VPRAI), "which is moderate to high, and [defendant] has a DVSI of 18, which is high." Finally, the court noted:

> "Given the nature and circumstances of the offense, but primarily the history and characteristics of the defendant ***, the Court finds that there are no conditions or combinations of conditions that reasonably assure the safety of the alleged victim or the community for that matter, as it appears that the defendant's priors involved different individuals."

¶ 10      The circuit court then entered a written order summarizing its reasons for denying pretrial release and finding (1) defendant was charged with a detainable offense and the proof was evident or presumption great that defendant committed the offense, (2) defendant posed a real and present threat to the safety of any person or the community, (3) no conditions or combination of conditions could mitigate the real and present threat, and (4) pretrial release should be denied because less restrictive conditions would not avoid that threat. After the court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Oct. 19, 2023).

¶ 11        This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13        On December 5, 2023, defendant filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023). The notice of appeal indicated three relevant bases for vacating the circuit court's detention order: the State failed to prove by clear and convincing evidence (1) the proof was evident or the presumption great defendant committed a detainable offense under section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)), (2) defendant was dangerous and thereby posed a threat, and (3) no condition of release or combination thereof could mitigate the threat defendant posed if granted pretrial release. The Office of the State Appellate Defender, defendant's appointed counsel on appeal, filed a supporting memorandum laying out the reasons for reversing the court's decision.

¶ 14        All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before denying pretrial release, the State must prove by clear and convincing evidence (1) "the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a)," (2) "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(1), (2), (3)(i) (West 2022). Section 110-6.1(g)(1)-(9) of the Code instructs the circuit court to consider "the specific articulable facts of the case" and provides nine factors the court may consider when assessing the real and present threat allegation. 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022). If the court determines the defendant should be denied pretrial release, the court must make written findings summarizing

the reasons for denying pretrial release, including why less restrictive conditions would not avoid the danger posed by the defendant to any person or the community. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 15    We have held the determination of whether pretrial release should be granted or denied is reviewed under an abuse-of-discretion standard. See *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Likewise, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 16    Here, we find no abuse of discretion. The record demonstrates the circuit court weighed the statutory factors and considered the parties' arguments, the factual basis, and the information contained in the pretrial services report. Not only did the court determine defendant committed a detainable offense based on the State's proffered evidence, but defendant acknowledged in his accompanying memorandum "defense counsel agreed that the charged offense was detainable under the [Act]." See 720 ILCS 5/12-3.2(a)(2) (West 2022); 725 ILCS 5/110-6.1(a)(4) (West 2022). The court then found defendant presented an ongoing threat to not only the victim of this case, but to the community as well, and it concluded no conditions of pretrial release could mitigate defendant's threat to the victim or the community given

defendant's repeated domestic-violence convictions against multiple individuals. Specifically, the court noted the circumstances of the offense and the pending case against defendant for aggravated fleeing, which stemmed from the instant domestic battery. See 725 ILCS 5/110-6.1(g)(1) (West 2022). The court also pointed out defendant's "two prior convictions for domestic battery and prior convictions for resisting[,] battery[,] and criminal damage to property *** spanning at least two decades." See 725 ILCS 5/110-6.1(g)(2) (West 2022). The court also noted defendant was on pretrial release in the aggravated fleeing and driving on a suspended license case when he was arrested for this offense. Further, the court noted defendant scored an 8 out of 14 on the VPRAI, which indicated defendant presented a "moderate to high" risk, as well as an 18 on the DVSI, "which is high." See 725 ILCS 5/110-6.1(g)(9) (West 2022).

¶ 17        Accordingly, because the circuit court complied with the requirements of the Code and made all the necessary findings, based on this record, we find no reason to conclude the court's decision was "arbitrary, fanciful, or unreasonable." *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 18                                III. CONCLUSION

¶ 19        For all these reasons, we affirm the circuit court's judgment.

¶ 20        Affirmed.