NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240064-U

NO. 4-24-0064

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| KIARA S. HINTON, | ) | No. 23CF1306 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott J. Black, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Kiara S. Hinton, appeals the trial court's order denying her pretrial

release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/110-6.1 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and

102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                          I. BACKGROUND

¶ 4     On December 27, 2023, the State charged defendant with the December 26, 2023,

aggravated battery of a police officer, Brianna Wiegand (720 ILCS 5/12-3.05(d)(4) (West

2022)), and domestic battery of her partner, Charlie Allen (*id.* § 12-3.2(a)(2)).

¶ 5     That same day, the State filed a petition to deny defendant pretrial release under

section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)), alleging defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community. More specifically, the State also asserted defendant's pretrial release poses a real threat to Allen.

¶ 6　　　　At the detention hearing, the State asked the trial court to take judicial notice of the probable-cause statement. According to that statement, defendant and Allen resided together and share a two-year-old child. On December 26, 2023, Normal police department officers responded to defendant and Allen's residence and found the two yelling at each other. Officers attempted to separate the two. After the officers were told the daughter was upstairs in a bathtub, defendant and the officers entered the apartment. Defendant went upstairs and checked on the daughter. She returned downstairs and continued to yell at Allen, who was standing outside the door to the residence. Despite officers' attempts to keep defendant and Allen separated, defendant lunged at Allen and bit his face. Officers attempted to arrest defendant. She pulled her arm away from the officers and ran upstairs, closing a door behind her. Defendant returned downstairs but continued to resist arrest physically. Defendant turned her body toward officer Wiegand and kicked her in the chest. As officers escorted defendant from the residence, defendant spat at Allen. Some of the saliva landed on "the officer." Defendant requested water. After she was provided water, defendant threw it at Allen. Once inside the squad car, defendant began hitting and kicking the window. On the way to the McLean County detention facility, defendant made several threats she was going to kill the victim upon her release from jail. While being processed at the detention facility, defendant repeated the threat. The State read the threats for the court:

　　　　　　" 'On my baby, I should have popped his a*** when I had the

mother-f*** chance.' 'I'm killing this b*** when I get out on my soul.' 'I'm killing this h*** when I get out.' 'You all a*** better not let me out of this b***.' 'On my soul, I'm killing this b*** as soon as I get out of this h***.' 'On my soul, on my dead mama G, I'm killing this b*** as soon as I get out, on my mama.' And then also, 'I swear you better not let me out of this b***, I swear to God, if you all let me out, I'm killing this h***. Soon as I get released, soon as I get released, I'm killing this b***.' "

¶ 7    The State further tendered defendant's criminal history. This history includes retail theft in McLean County case No. 12-CM-1157, criminal damage to property in McLean County case Nos. 15-CM-506, 16-CM-1135, and 19-CM-79, driving on a suspended license in McLean County case No. 19-MT-4632, and speeding 26 to 34 miles per hour over the speed limit, for which defendant was on court supervision, in McLean County case No. 22-MT-1508. On the danger assessment report, Allen answered yes to the question of whether defendant was violently and constantly jealous of him.

¶ 8    Defense counsel began by emphasizing Allen's answers to the four other questions for the danger assessment were "no." These questions included whether defendant ever used or threatened him with a weapon and whether defendant was capable of killing him. Counsel further stated Allen suffered no injury and officers did not observe any physical marks on Allen. Defendant worked full time and had recently received a promotion. She paid the bills. According to counsel, Allen did not want a no-contact order for him or their daughter and he needed help caring for their daughter. Counsel further noted defendant is the one who called the police on December 26. Defendant did not object to complying with pretrial services.

- 3 -

¶ 9        At the close of the hearing, the trial court found the State met its burden of proof to establish detention is warranted under the dangerousness standard. The court concluded the proof is evident or presumption great defendant committed an offense that was detainable. Specifically, the court mentioned count II. The court expressly found defendant poses a real and present threat to the safety of Allen, stressing the fact, even after police arrived, defendant continued to "go after" Allen multiple times. The court further found no condition or combination of conditions would mitigate the threat defendant poses to Allen.

¶ 10       In a written order, the trial court indicated the following reasons for concluding less restrictive conditions would be ineffective: "Community/Individual safety cannot be meaningfully achieved with available conditions of pretrial release" and "Defendant has made statements indicating a desire and/or intention to harm certain persons/groups if released."

¶ 11       This appeal followed.

¶ 12                             II. ANALYSIS

¶ 13       On December 29, 2023, defendant filed a notice of appeal challenging the order denying her pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which she asks this court to release her from custody with conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked four grounds for relief and provided additional support on the lines beneath the preprinted text of those grounds. Defendant also filed a supporting memorandum.

¶ 14       Before we return to defendant's notice of appeal, we begin by addressing defendant's request this court apply the manifest-weight-of-the-evidence standard of review to

- 4 -

the trial court's findings. In support, defendant relies on a First District decision, *People v. Saucedo*, 2024 IL App (1st) 232020, ¶¶ 31-35.

¶ 15       We will not apply the manifest-weight-of-the-evidence standard of review when considering the propriety of the trial court's order detaining defendant. This court in *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 28-30, considered which standard of review would apply to rulings under the Code. In so doing, we rejected the manifest-weight-of-the-evidence standard and determined we would "continue to use the abuse-of-discretion standard when reviewing a court's decision to grant or deny pretrial release." *Id.* ¶ 30 (citing *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10). We will follow *Jones*. An abuse of discretion will be found when a reviewing court finds the decision unreasonable, arbitrary, or fanciful, or when it finds no reasonable person would agree with the trial court's decision. See *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 16       Turning back to defendant's notice of appeal, the first ground for relief checked by defendant is the State failed to prove by clear and convincing evidence the proof is evident or the presumption great she committed the offenses charged. In support, defendant argued the following on the preprinted lines, in part:

> "In this case, the State failed to meet its burden for the following
> reasons: Although the officers said they saw contact, the victim
> said he was not contacted [and there] was no indication of any
> physical injury. In order for domestic battery to have occurred,
> contact must have been made and the [S]tate did not show this by
> clear and convincing evidence."

In her memorandum, defendant emphasizes a domestic-battery conviction requires proof of

- 5 -

contact of an insulting or provoking nature (720 ILCS 5/12-3.2(a)(2) (West 2022)) and, given the chaotic scene at the apartment and the absence of any mark or injury just seconds after the alleged contact, this renders the proof not evident or the presumption great defendant committed the charged offense. In support, defendant cites three cases as instructive of the amount of proof required to support a domestic-battery conviction, including a call for help by the alleged victim (see *People v. Taher*, 329 Ill. App. 3d 1007, 1011, 769 N.E.2d 1021, 1024 (2002)), a statement from the alleged victim (see *People v. Moore*, 2023 IL App (2d) 220289, ¶ 45), or bruising (see *People v. Lewis*, 2019 IL App (4th) 150637-B, ¶ 32, 123 N.E.3d 1153).

¶ 17        Under the Code, all criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure pretrial detention of a criminal defendant under section 110-6.1(e), the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(a)). *Id.* § 100-6.1(e)(1). Defendant does not assert domestic battery is an offense described in section 110-6.1(a).

¶ 18        In this case, the trial court did not abuse its discretion in finding the proof evident and the presumption great defendant committed the offense of domestic battery. The proffer establishes multiple officers observed defendant bite Allen. This bite occurred after police were called to the residence, while defendant was yelling at Allen and the police were attempting to keep the two separated. It is not unreasonable for the court to conclude the bite was contact of an insulting or provoking nature, satisfying that element of the offense. See 720 ILCS 5/12-3.2(a)(2) (West 2022). Defendant's case law does not establish otherwise, as none show witness testimony of the contact itself by more than one person would be insufficient to establish a battery in the

- 6 -

absence of a visible injury. See *Moore*, 2023 IL App (2d) 220289, ¶¶ 4-17, 45; *Lewis*, 2019 IL App (4th) 150637-U, ¶¶ 13-34, 79; *Taher*, 329 Ill. App. 3d at 1011-12, 1018.

¶ 19 The next checked box on defendant's notice of appeal is the State did not prove by clear and convincing evidence defendant poses a real and present threat to Allen's safety. In support, defendant wrote the following, in part, in her notice of appeal:

"The victim said he was not in any fear of the defendant, was not asking for any no contacts, answered in the negative on 4 of 5 questions asked in regards to the Danger Assessment, was present in court seeking release of defendant, and defendant does not have any domestic charges in the past."

In her memorandum, defendant emphasizes Allen was present at the detention hearing, wanted her to be home with him and their daughter, and did not believe defendant posed a real and present danger. In light of these proffered facts, as well as the absence of a violent criminal history on her part, defendant maintains the State did not prove by clear and convincing evidence she posed a real and present threat to Allen.

¶ 20 To deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1(e)(2)-(3) (West 2022)), as the State sought here, the State must also prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). Here, when finding the State sufficiently proved defendant posed a threat to Allen, the trial court emphasized the facts and circumstances of the offense and the threats

defendant repeatedly made.

¶ 21 We find no abuse of discretion in the trial court's ruling defendant posed a threat to Allen. Even in the presence of the police, who were actively attempting to deescalate the argument, defendant continued in her attempts to physically attack or batter Allen. She bit his lip, threw water at him, and spat at him. Defendant's conduct extended to a battery of a police officer and multiple threats to kill Allen. In addition, this conduct occurred while defendant was under court supervision and after repeated offenses of criminal damage to property. It was not arbitrary, fanciful, or unreasonable to find defendant, under these circumstances, posed a threat to Allen.

¶ 22 The third ground defendant checked in her notice of appeal is the State did not prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to Allen's safety. In support, defendant wrote the following, in part: "Because the victim is not in fear of the defendant there is no history of violance [*sic*] showing that the defendant is a danger to the community, minimal conditions would have been needed to allow defendant to be released and mitigate the threat to safety." In her memorandum, defendant emphasized Allen did not believe she was a threat and wanted her to be released and she had only been convicted of nonviolent misdemeanors.

¶ 23 We find no abuse of discretion in the trial court's decision. The court considered the proffers, the nature and circumstances of the offense, defendant's repeated threats to kill Allen, and the arguments of counsel. The court then found no conditions of pretrial release could mitigate defendant's dangerousness. Given the charged offenses occurred in or next to defendant's home, defendant's behavior was not curbed by the fact she was under court supervision and in the presence of police officers, defendant struck a police officer with her foot and spit, and the court complied with the requirements of the Code and made all necessary

findings, we find that court's decision was not "arbitrary, fanciful, or unreasonable" and was not an abuse of discretion (Internal quotation marks omitted.). *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 24 The last argument defendant asserts in her notice of appeal is no condition or combination of conditions would reasonably ensure her appearance for later hearings or prevent her from being charged with a subsequent felony or class A misdemeanor. Under this argument, defendant wrote the following, in part: "The court erred in its determination because The [*sic*] victim was not in fear, was asking for the defendant's release, and minimal conditions would have been enough to ensure safety of the victim and the public." Defendant did not provide additional argument for this claim in her memorandum.

¶ 25 This argument is irrelevant to defendant's pretrial detention. This box on the preprinted form for a notice of appeal is relevant to appeals from petitions to *revoke* pretrial release filed under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). There is no requirement within section 110-6.1 of the Code (see *id.* § 110-6.1(a), (e)(2)-(3)), by which the State sought defendant's pretrial detention, the State prove this factor before seeking to *deny* a criminal defendant's pretrial release.

¶ 26 III. CONCLUSION

¶ 27 For the foregoing reasons, we affirm the trial court's judgment.

¶ 28 Affirmed.