NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240406-U

NOS. 4-24-0406, 4-24-0407 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 7, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JUSTIN J. McWILLIAMS, | ) | Nos. 23CF1228 |
| Defendant-Appellant. | ) | 24CF137 |
| | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in revoking defendant's pretrial release.

¶ 2    Defendant, Justin J. McWilliams, appeals the trial court's order revoking his pretrial release under section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    This appeal involves two cases consolidated for appeal. In McLean County case No. 23-CF-1228, the State charged defendant with committing two counts of aggravated battery (720 ILCS 5/12-3.05(c) (West 2022)) in November 2023. Defendant was released with conditions, such as a mandate to not violate any criminal statute. In McLean County case No. 24-

CF-137, the State charged defendant with unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2022)) and unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2022)) in January 2024. The State did not file a petition to deny defendant pretrial release; defendant was released with conditions, such as an order not to violate any criminal statute.

¶ 5    On February 28, 2024, the State filed petitions to revoke defendant's pretrial release. According to the petitions, while defendant was on pretrial release in the two cases consolidated for our review, he was charged in McLean County case No. 24-CF-196. The State alleged defendant's pretrial release should be revoked as no condition or combination of conditions of release would reasonably ensure his appearance at later hearings or prevent him from being charged with a later felony or Class A misdemeanor.

¶ 6    The following day, the trial court held a hearing on the State's petitions to revoke. At the start of the hearing, the court took judicial notice of the charges and pretrial-release orders. The court observed, in McLean County case No. 24-CF-196, defendant was charged by indictment with Class 3 possession of methamphetamine and misdemeanor possession of drug paraphernalia.

¶ 7    The State then presented the factual basis for the charges in case No. 24-CF-196. On February 22, 2024, during a traffic stop by Bloomington police, defendant was a passenger and was found wearing a shoulder bag. A canine alerted for the presence of drugs, giving rise to a probable-cause search. In the bag defendant was wearing, officers found a glass pipe with residue that field-tested positive for methamphetamine. Officers located a backpack on the floor of the front-passenger area, an area readily accessible to defendant, "where he was seated." That backpack contained a substance that field-tested positive for less than one gram of methamphetamine. The State further presented a recording of a five-minute telephone call

defendant made from the McLean County jail on February 28, 2024, to an unidentified person. The following conversation was captured:

"[Defendant]: I need you to do something else.

[Unidentified person]: Okay.

[Defendant]: So like [(inaudible)] before you go to bed.

[Unidentified person]: Okay.

[Defendant]: Un. At Locust. At the bike house.

[Unidentified person]: Okay.

[Defendant]: [O]n the porch there should be a skinny bike tire. Go find it. There might be something inside it. If there is don't tell Kentucky and keep it until I get out.

[Unidentified person]: Wait. A bike tire?

[Defendant] A skinny bike tire. It might have something inside it.

[Unidentified person]: Okay.

[Defendant]: Go find that something and if it's still there and don't tell Kentucky about it and save it for me till I get out.

[Unidentified person]: Okay, I'll do my best.

[Defendant]: It involves … yeah. It might not be there. It might still be there. Like from my understanding it's in the skinny bike tire.

\* \* \*

[Defendant]: And I'm going to play billiards and I'm

- 3 -

missing a certain … a certain ball.

　　　　　[Unidentified person]: Okay.

　　　　　[Defendant]: Okay. Um. But I … you can call up here at like at noon tomorrow and figure out what happened with my court date."

¶ 8　　　　　The trial court then took judicial notice of the probation order entered on August 21, 2023, in McLean County case No. 23-CF-5. The court asked defense counsel if she needed a copy. The court stated, "I've got it here." The court further stated, "Again I can't imagine it wasn't our standard probation order, *** but I can have a copy of that made if you want it." The court also took judicial notice of the presentence investigation report considered at sentencing in the same case.

¶ 9　　　　　Defense counsel made a proffer. In case No. 24-CF-196, defendant was a passenger in the vehicle that the Bloomington police stopped. Defendant complied with the officers. Defendant was 29 years old and had resided in McLean County for four years. He intended to stay in McLean County. Defendant was employed at Concrete Concepts, earning $20 an hour. Defendant's employment was confirmed by his probation officer. Defendant had diabetes and had an appointment with an endocrinologist. At that appointment, defendant would learn how to use an insulin pump. Defendant intended to schedule the second part of his substance-abuse evaluation with Chestnut Health Systems, which would comply with his probation terms. Defendant wanted to continue seeing a psychologist. Defense counsel proffered it had taken defendant some time to get on his feet, but probation and substance-abuse treatment allowed defendant to start getting his life back in order.

¶ 10　　　　　The State argued defendant committed three felony offenses while on felony

probation. Two of those offenses were committed while on pretrial release for aggravated battery. The State argued no conditions could ensure defendant would not commit more crimes.

¶ 11　　　　Defense counsel countered the trial court should release defendant with conditions. Counsel emphasized the charges in case No. 24-CF-196 were not detainable, defendant's charges did not involve violence or threats, and treatment of defendant's health issues would be impeded by detention.

¶ 12　　　　At the end of the hearing, the trial court found the State satisfied its burden of proof and revoked defendant's pretrial release. The court concluded it was not as concerned about whether defendant would appear for later hearings but found no conditions would reasonably prevent defendant from committing a future Class A misdemeanor or felony. The court explained it considered possible conditions and resources available for pretrial release. The court stated it considered "things like electronic monitoring or SCRAM or home confinement," and "I am being mindful he has already had an opportunity to comply with those."

¶ 13　　　　The same day, the trial court entered a written order, checking boxes on a preprinted form for denials or revocations of pretrial release. The court revoked defendant's pretrial release, finding defendant, while on pretrial release for a Class A misdemeanor or felony, was charged with a new felony or Class A misdemeanor. The court also made findings under the section entitled "Reasons for Denial of Pretrial Release." The court expressly found (1) defendant is unlikely to comply with some or all release conditions that would be imposed, (2) other release conditions have been unsuccessful in defendant's other cases, (3) there is a high likelihood defendant will commit new criminal offenses if granted pretrial release, and (4) defendant had a history of "thwarting/frustrating release/supervision conditions."

¶ 14　　　　This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16          On March 5, 2024, defendant filed a notice of appeal challenging the order

denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023).

Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the

Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this

court to release him with conditions. The form lists several possible grounds for appellate relief

and directs appellants to "check all that apply and describe in detail." Defendant checked three

boxes.

¶ 17          Two of the boxes checked on the preprinted notice of appeal are related to appeals

following orders *denying* defendants pretrial release under section 110-6.1(a) of the Code (725

ILCS 5/110-6.1(a) (West 2022)). By checking those two boxes, defendant challenges two

prerequisites of an order *denying* pretrial release under section 110-6.1, arguing the State failed

to meet its burden of proving by clear and convincing evidence he poses a real and present threat

to the safety of a person or persons or the community and no condition or combination of

conditions can mitigate that threat. See *id.* § 110-6.1(e)(2), (3). Defendant was detained after the

State filed a petition to *revoke* pretrial release under section 110-6(a) of the Code (*id.* § 110-

6(a)). Section 110-6(a) does not require proof of defendant's real and present threat or proof no

condition or combination of conditions can mitigate that threat. Those claims are thus irrelevant

to defendant's appeal.

¶ 18          The third checked box asserts the trial court erred in determining no condition or

combination of conditions would reasonably ensure defendant's appearance for later hearings or

prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant

added the following to his claim: "The court did not give adequate weight to defendant's

- 6 -

mitigation presented. The court did not give sufficient [*sic*] consideration to resources available such as GPS monitoring as a condition of release."

¶ 19 Defendant filed a memorandum supporting his claim. In his memorandum, defendant argues the nature and circumstances of his nonviolent violation of a pretrial-release condition did not warrant revocation. Defendant acknowledges he was on pretrial release in McLean County case Nos. 23-CF-1228 and 24-CF-137 when he was charged with a nonfelony offense in case No. 24-CF-196. But, defendant contends, the State did not clearly and convincingly prove no conditions could ensure his appearance at later proceedings or prevent him from being charged with a felony or Class A misdemeanor.

¶ 20 Section 110-6(a) (725 ILCS 5/110-6(a) (West 2022)) of the Code authorizes the revocation of pretrial release "only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." At the hearing on a section 110-6(a) petition to revoke, the State bears the burden of proving, by clear and convincing evidence, no condition or combination of conditions of release would reasonably (1) ensure defendant's appearance at later hearings *or* (2) prevent defendant's appearance at later hearings or prevent him or her from being charged with a Class A misdemeanor or felony. *Id.* We review trial court decisions regarding pretrial release under the abuse-of-discretion standard. See *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30. This court will find a trial court's decision to be an abuse of discretion if we find that decision is arbitrary, fanciful, or unreasonable or we find the decision is one with which no reasonable person would agree. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 21 The trial court did not abuse its discretion in revoking defendant's pretrial release.

The State, in its petition and at the hearing, averred, in part, no condition or combination of conditions would reasonably prevent defendant from being charged with a later felony or Class A misdemeanor. The State proffered ample evidence in support of this contention. Defendant was on probation when he committed the offenses in this case. Then, defendant, despite his probation and pretrial release in the two pending McLean County cases, was charged with Class 3 possession of methamphetamine and misdemeanor possession of drug paraphernalia. Defendant's repeated failures to abide by the law and conditions of pretrial release clearly and convincingly prove no conditions of release would reasonably prevent him from committing another Class A misdemeanor or felony. While defendant's notice of appeal suggests GPS monitoring as a condition of release, he faces repeated charges for which GPS monitoring would have no effect. The State's proffer clearly and convincingly concludes such conditions would not reasonably prevent future charges.

¶ 22  We note defendant's contention the record does not support the trial court's finding he previously failed to comply with pretrial-release conditions, such as GPS monitoring and home confinement. We agree the record does not show defendant had such conditions placed upon him. We also note, however, the probation order does not appear in the record. However, we find this mistake, if it indeed occurred, to be harmless. The record, including the court's other findings, shows no abuse of discretion in the decision to revoke defendant's pretrial release.

¶ 23                    III. CONCLUSION

¶ 24  We affirm the trial court's judgment.

¶ 25  Affirmed.