NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241333-U

NOS. 4-24-1333, 4-24-1334 cons.

IN THE APPELLATE COURT

FILED
January 14, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| ROBERT KAY, | ) | Nos. 23CF1507 |
| Defendant-Appellant. | ) | 24CF1388 |
| | ) | |
| | ) | Honorable |
| | ) | John T. Gibbons, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed in part and dismissed in part, concluding (1) in appeal No. 4-24-1333, (a) the trial court's oral ruling granting the State's petition to revoke defendant's pretrial release did not violate the Pretrial Fairness Act and (b) the court did not abuse its discretion by determining the State met its burden of demonstrating there was no condition or combination of conditions that could mitigate the threat defendant posed and (2) appeal No. 4-24-1334 is dismissed because the State only filed a petition to revoke pretrial release in one of defendant's two felony cases.

¶ 2    Defendant, Robert Kay, appeals the trial court's order entered June 6, 2024, granting the State's petition to revoke pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September

18, 2023). For the reasons that follow, we affirm in part and dismiss in part.

¶ 3                                 I. BACKGROUND

¶ 4                   A. Defendant's Initial Charges and Pretrial Release

¶ 5         On June 26, 2023, defendant was charged by criminal complaint in case No. 23-CF-1507 with unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)) and aggravated unlawful use of a weapon without a valid firearm owner's identification card (*id.* § 24-1.6(a)(1), (3)(C)). According to the police report supporting the complaint, a Rockford police officer found defendant asleep on playground equipment at Blackhawk Park with a handgun (later determined to be loaded) next to him and two knives on his person. On June 27, 2023, the trial court found probable cause to detain defendant but granted him bail with standard pretrial release conditions. On July 21, 2023, defendant was charged by bill of indictment with being an armed habitual criminal (*id.* § 24-1.7(a)) for having knowingly possessed a firearm after having been convicted of aggravated battery with a firearm in 1994 and home invasion in 2008 (count I) and unlawful use of weapons by a felon (*id.* § 24-1.1(a)) (count II).

¶ 6                   B. Defendant's New Felony Case While on Pretrial Release

¶ 7         On June 5, 2024, while on pretrial release in the aforementioned case, defendant was charged by criminal complaint, in case No. 24-CF-1388, with felony burglary (*id.* § 19-1(a)). According to the police report supporting the complaint, a Rockford police officer responded on June 4, 2024, to a report of a burglary at a storage unit. An employee of the storage facility reported viewing surveillance video of the premises and observing the suspect to be a Black male driving a silver SUV. The suspect arrived at the facility, walked up the stairs, walked down the stairs with a black TV with LED lights around it and a sound bar, and drove away. The owner of the storage unit responded to the scene and reported that the lock on her unit was gone, as was her 65-inch

black TV, LED lights, and sound bar. The officer viewed the surveillance video. The officer observed a Black male arrive at the west side of the facility in a silver SUV, enter the facility, and walk down the aisle where this particular unit was located. According to the officer, "The male then walked back holding a black TV with LED lights around it and a sound bar. The male walked back toward the west doors and left in the SUV with the items." After learning the suspect used a particular code three times to enter the facility and that this code belonged to the suspect's girlfriend, the officer called her to inform her of the incident. She stated she owned a silver Mitsubishi SUV and "advised she would try to contact [defendant] to try to retrieve the stolen items." Thereafter, defendant called the officer and, after initially claiming he did not steal the items, later "stated the TV that he took was sold to an unknown person somewhere on Blaisdell St., but he did not have the address." Defendant called back and "advised his friend sold the TV to a Mexican guy on Blasdell [*sic*] St." Officers subsequently met with this individual, who "advised he purchased a TV with LED lights on it on 06/03/24 at about 2200 hours from two black males," one of whom "had a long white beard." Officers then interviewed defendant, who "advised he took the TV and sound bar from the [storage] facility but that he found it in the hallway" and later sold the items "to a Mexiacan [*sic*] guy for $200.00."

¶ 8     On June 5, 2024, the trial court found probable cause to detain defendant in case No. 24-CF-1388 but granted him pretrial release with, *inter alia*, a condition for him to have no contact with the storage facility. The same day, the State filed a petition to revoke defendant's pretrial release in case No. 23-CF-1507 pursuant to section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) due to being charged with burglary while on pretrial release in that case.

¶ 9     C. The Hearing on the State's Petition to Revoke Pretrial Release

¶ 10     On June 6, 2024, the trial court held a hearing on the State's petition to revoke

pretrial release. The court began by confirming with both the State and defendant's counsel that the petition before it was filed only in case No. 23-CF-1507, not case No. 24-CF-1388. After taking judicial notice of the State's proffers in support of its petition (namely, "the court file in 24 CF 1388 including the probable cause statement" pertaining to the burglary charge and "the court file in 23 CF 1507 including the factual summary as well as the court status reports"), the court asked if defendant's counsel wanted to present any evidence in support of pretrial release. Defendant's counsel stated defendant and his girlfriend rent a unit at the storage facility. Defendant and his girlfriend were homeless, and defendant was going to the storage facility "to use the restroom" on the night of the incident. Counsel also stated defendant's girlfriend had medical issues preventing her from driving, so defendant "would like to be out in order to support her and get her to medical appointments, things of that nature."

¶ 11　　　　The trial court then heard argument from the State and defendant's counsel. The State emphasized defendant was "out on pretrial release for a serious gun offense where he's facing prison time" when he was charged with burglary. The State asserted defendant "has not been compliant with the pretrial services," specifically, he has "been non-compliant with reporting after court," and they have been unable to "maintain contact with him." The State noted defendant's physical appearance is consistent with the description given by the individual who purchased the items from defendant. The State contended there was clear and convincing evidence defendant committed the offense and there was "no condition or combination of conditions that would assure his appearance and that would prevent him from being charged with a subsequent felony or Class A Misdemeanor."

¶ 12　　　　Regarding the facts of the first case, defendant's counsel contended defendant "was essentially asleep in a park next to a gun, so not threatening anyone, not being violent with anyone,

not causing any problems." Regarding the facts of the second case, counsel contended they possibly amounted to "theft of mislaid property, but *** not a burglary case." Counsel argued "defendant has been compliant with reporting to pretrial" according to the pretrial services report and "has shown up to every single court date since he's been out of custody." Counsel proposed the court could impose additional conditions, such as "perhaps a curfew, *** although, admittedly that would be difficult with [defendant] being homeless," and asserted the State had not met its burden of demonstrating there are no conditions that could prevent defendant from committing another offense. In response, the State noted that even assuming, *arguendo*, defendant was only guilty of theft of mislaid property, "it is still a Class A or higher offense that *** [he] committed."

¶ 13 The trial court stated it "believe[d] there was absolutely sufficient probable cause" to support the burglary charge. The court acknowledged defendant had been noncompliant with reporting to pretrial services and "has a[n] extensive criminal history spanning the better part of three decades," including convictions for "[h]ome invasion, aggravated battery with a firearm, possession with intent to deliver cocaine, resisting a peace officer," and "retail theft." The court then considered whether appropriate conditions of pretrial release could be imposed. The court found the State had proven by clear and convincing evidence that no combination of conditions would prevent defendant from being charged with another offense and granted the petition to revoke (PTR) defendant's pretrial release. The court's written order stated, "The State's PTR in 23CF1507 is heard and granted for the reasons set forth on the record."

¶ 14 D. The Hearing on Defendant's Motion for Relief

¶ 15 On August 5, 2024, defendant filed a "Motion for Relief Under the [Act]" (Motion for Relief). Defendant argued the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions of release could be imposed which would

reasonably ensure his appearance at later hearings or prevent him from being charged with a subsequent offense. Defendant asserted he was compliant with pretrial services reporting at the time of the burglary offense. Additionally, his last felony conviction was in 2008. In sum, defendant argued, "Given [defendant's] ability to keep himself out of trouble for extended periods of time and his compliance with pre-trial services, there are conditions or a combination of conditions that would reasonably prevent [him] from being charged with a subsequent felony or Class A misdemeanor." Defendant also argued neither of his two pending felony cases involved "crimes of violence" and he was "cooperative and assisted police in locating the [TV] alleged to have been taken in the [burglary] case." Furthermore, defendant has been driving his girlfriend "wherever she needs to go" given her medical conditions affecting her ability to drive. Finally, defendant asserted the trial court "failed to comply with the Act," specifically, its requirement that " 'any order for detention' " must "include a summary of its reasons for denying the defendant pretrial release."

¶ 16        On August 6, 2024, the trial court held a hearing on defendant's Motion for Relief. Defendant's counsel began by noting defendant reportedly had a job offer from a local landscaping company. Counsel then argued defendant was last released from prison in 2012 and "hadn't picked anything up until the 1507 case," in which "he was found asleep next to a firearm, so not brandishing it or threatening anyone or being violent with anyone." Counsel then proposed there were conditions of pretrial release that could ensure defendant would not commit a new offense, such as that he "get some type of evaluation, that he maintain employment, that he not leave the state without permission, random drug tests," and "classes, evaluations, all of that."

¶ 17        Counsel then noted the trial court's order granting the State's petition to revoke pretrial release did not include a summary of the reasons for why it was granted. The court stated,

"Are you aware of any case or statute that states I have to do a written order on a petition to revoke pretrial release, and if you are, I'd like to know about that." Counsel responded that the Act required "that any order for detention must contain that factual summary." Since "the plain language says any order for detention," counsel believed "that would apply to an order for a revocation of pretrial release as well." Counsel conceded he had not found any case imposing such a requirement for petitions to *revoke* pretrial release.

¶ 18　　　　The State argued "defendant has a significant criminal record for some pretty significant crimes," which the trial court correctly considered in granting its petition to revoke pretrial release. In response, defendant's counsel argued defendant has "managed to stay out of trouble for a very lengthy amount of time," during which he was employed. Counsel reiterated defendant has a job offer and needs to take care of his girlfriend.

¶ 19　　　　The trial court found its original decision to be correct and declined to change it, despite the information about defendant's forthcoming employment and the assistance he provides his girlfriend. After observing defendant violated "one of the most basic conditions of pretrial release" when he was charged with burglary while already on pretrial release, the court reaffirmed its conclusion that "there were no conditions of release that would prevent him from picking up another charge." The court found defendant's employment would not prevent him from committing a subsequent offense and did not know of any additional conditions that would. The court also observed defendant was now ranked "almost near the top of the risk assessment." (Defendant was ranked 13, with a maximum possible score of 14.) Accordingly, the court denied defendant's Motion for Relief. The court's written order stated, "The defendant's motion for relief is heard and denied for the reasons set forth on the record."

¶ 20　　　　This appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22        In this court, defendant filed a notice in lieu of an appellant memorandum. Accordingly, defendant rests on the arguments he made in the trial court in his Motion for Relief.

¶ 23        Through its memorandum in response, the State argues the trial court appropriately made an individualized assessment of whether there were any conditions of pretrial release which could mitigate the threat defendant posed and did not abuse its discretion in determining there were none. Defendant was currently charged with illegally possessing a firearm while asleep on playground equipment in a park and removing someone else's valuable property from a storage facility—the latter while on pretrial release for the former. The court noted defendant's overall extensive criminal history, which included convictions for aggravated battery with a firearm, armed home invasion, and possession of cocaine. The State asserts, "These convictions not only demonstrate a disregard for the law and court orders, but that defendant is constantly willing to commit crimes when the opportunity arises." Additionally, defendant has been noncompliant with his pretrial reporting obligation. Finally, the State argues defendant does not support his contention that the court's order was insufficient for not specifying in writing what the court pronounced orally; nevertheless, "anything put forth on the record orally [would be] sufficient."

¶ 24           A. The Trial Court's Oral Ruling Complied With the Act

¶ 25        As an initial matter, defendant asserted the trial court's written order following the granting of the State's petition to revoke pretrial release did not comply with the requirement of the Code that "any order for detention" include a written summary of the reasons for denying a defendant pretrial release. 725 ILCS 5/110-6.1(h)(1) (West 2022). As stated above, the court's written orders following the hearings on the State's petition and defendant's Motion for Relief, respectively, provided, "The State's PTR in 23CF1507 is heard and granted for the reasons set

forth on the record," and "The defendant's motion for relief is heard and denied for the reasons set forth on the record."

¶ 26    Pursuant to section 110-6.1(h)(1) of the Code, the trial court "shall, in any order for detention:

> (1) make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution[.]" *Id.*

¶ 27    In *People v. Thomas*, 2024 IL App (4th) 240248, ¶ 21, this court observed that "all appellate court districts have now recognized that a [trial] court's oral pronouncements can be considered in conjunction with its written explanation in assessing the court's compliance with section 110-6.1(h)(1)." This court noted, "Indeed, given that the point of requiring a written finding is to give notice of the reasons for the court's findings for appellate review, the same purpose is served when the court's findings are stated orally." *Id.* This court rejects defendant's contention that the trial court's order granting the State's petition to revoke pretrial release did not satisfy the requirement of section 110-6.1(h)(1). Reviewing the record of the hearing on defendant's Motion for Relief, it is apparent the court was of the view that this statutory requirement technically did not apply to petitions to *revoke* pretrial release, as opposed to initial petitions to detain. However, the court's order was satisfactory, not because the requirement for a written summary technically did not apply to it, but because the court's oral pronouncements were sufficiently detailed to "provide notice to the parties of the reasons for [its] decision, and *** to preserve this reasoning

for appellate review." *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 19. The court "articulated its reasons why less restrictive conditions would not avoid the threat to safety" (*id.* ¶ 20) through a "lengthy—and adequate—explanation in open court" for its decision to revoke defendant's pretrial release (*People v. Gooden*, 2024 IL App (4th) 231523, ¶ 33).

¶ 28　　　　　B. No Abuse Of Discretion by Determining There Was No

Condition or Combination of Conditions That Could Prevent

Defendant From Being Charged With a Subsequent Offense

¶ 29　　　　Section 110-6(a) authorizes the revocation of pretrial release granted under the Act "only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the trial court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). The State bears the burden of proving by clear and convincing evidence "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.* "In each case, a court must conduct an 'individualized' assessment of the propriety of detaining the defendant versus releasing him or her with conditions. [Citation.] '[N]o single factor or standard may be used exclusively to order detention.' ." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 15. We review a trial court's decision regarding pretrial release for an abuse of discretion. See *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30. An abuse of discretion will be found when a decision is arbitrary, fanciful, or unreasonable or when the decision is one with which no reasonable person would agree. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 30　　　　We conclude the trial court did not abuse its discretion by determining there was no condition or combination of conditions of pretrial release that could prevent defendant from

being charged with a subsequent offense. The court "believe[d] there was absolutely sufficient probable cause" to support the burglary charge, thereby considering both "the nature and circumstances" of this new charge and "the weight of the evidence against *** defendant." See 725 ILCS 5/110-5(a)(1)- (2) (West 2022). The court then concluded defendant "overall" had been noncompliant with reporting to pretrial services, thereby considering his "history and characteristics," including his "conduct *** and record concerning appearance at court proceedings" (see *id.* § 110-5(a)(3)(A)), and this conclusion was appropriate under the circumstances. Although the court status report for January 17, 2024, states "defendant has been compliant with reporting after court," the next sentence states he "did not report after on 10/04/2023." The report for March 6, 2024, states defendant "has been non-compliant with reporting after court" and did not report on either October 4, 2023, or January 17, 2024. The report for April 3, 2024, states defendant "has been non-compliant with reporting after court," he failed to report on February 6, 2024, and his pretrial services officer has been unable to contact him. Finally, the report for June 4, 2024, states that while defendant reported after court on April 9, 2024, he "has been non-compliant with reporting after court." These reports reflect defendant failed to report after court to pretrial services at least three times. The court then noted defendant "has a[n] extensive criminal history spanning the better part of three decades," including convictions for "[h]ome invasion, aggravated battery with a firearm, possession with intent to deliver cocaine, resisting a peace officer," and "retail theft," thereby considering his "criminal history." *Id.*

¶ 31    At the conclusion of the hearing on defendant's Motion for Relief, the trial court acknowledged what his counsel relayed regarding his upcoming employment and assisting his girlfriend, thereby reflecting its consideration of his "family ties" and "employment" (*id.*), but

emphasized he had been charged with a new offense while on pretrial release. The court stated it did not find defendant's employment would prevent him from committing a new offense if his pretrial release was to be extended. Defendant scored a 13 (the second-highest possible score and in Level 6, the highest level) on the pretrial risk assessment administered after his arrest on the burglary charge. Among the risk factors with which defendant was positively assessed were being "Currently under active Community Supervision," having "Pending charges" at the time of his arrest, and having "Two or more violent convictions." Most significant in the court's reasons for granting the State's petition to revoke defendant's pretrial release was being charged with a new felony while on pretrial release in a preexisting felony case, thereby reflecting its consideration of "whether, at the time of the current offense or arrest, [he] was on *** release pending trial *** for an offense under *** the law of this *** state." *Id.* § 110-5(a)(3)(B). We conclude the court's decision to revoke pretrial release was not an abuse of discretion, as it was not arbitrary, fanciful, or unreasonable, or one with which no reasonable person could agree. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 32   C. As the State's Petition to Revoke Pretrial Release Was Only Filed

in Connection With Case No. 23-CF-1507, Appeal No. 4-24-1334

Is Dismissed

¶ 33   Finally, we agree with the State that appeal No. 4-24-1334 should be dismissed. Defendant is only being detained in case No. 23-CF-1507, the subject of appeal No. 4-24-1333. Defendant is not being detained in case No. 24-CF-1388, the subject of appeal No. 4-24-1334. As the State correctly noted, "there is not an issue in 24-CF-1388 that is properly before this court." Accordingly, appeal No. 4-24-1334 is dismissed.

¶ 34                    III. CONCLUSION

¶ 35        For the reasons stated, in appeal No. 4-24-1333, the trial court's judgment is

affirmed, and appeal No. 4-24-1334 is dismissed.

¶ 36        No. 4-24-1333, affirmed.

¶ 37        No. 4-24-1334, appeal dismissed.